### JOHN PAYTON v. THE STATE.

*No. 999.　Decided March 4th, 1896.*

#### 1. Continuance—Practice.

Where an application for continuance showed that process issued for the absent witnesses has not been returned, it was the duty of the defendant to present a motion in court requiring the officer to make return of said process, so that he could see what had been done.

#### 2. Same.

An application for continuance, to be sufficient, must state the facts expected to be proved by the witnesses, and not conclusions merely. And the application should also show whether the witness was served with process.

#### 3. Bill of Exceptions to Evidence Admitted.

A bill of exceptions to the admission of evidence over objections, to be sufficient, should state the grounds of objection.

#### 4. Theft—Evidence—Acts of Third Party.

On a trial for theft, it was competent for the State to prove, that a one-eyed negro, who had been confined in the same cell in jail with defendant, was taken out and taken to the fair grounds, where he pointed out the lost property. It was competent to prove that some of the lost property was found on the ground where the defendant had, the night before, been arrested.

#### 5. Same—Service of Copy of Indictment—Computation of Time—Sunday.

Where defendant was served with copy of the indictment on Saturday, and he was not brought to trial until Tuesday, his contention that he was not served two full days, and that Sunday should not be counted, is groundless.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHARLES F. CLINT.

This appeal is from a conviction for theft of property over the value of $50, the punishment being assessed at two years' imprisonment in the penitentiary.

The indictment charged that, defendant fraudulently took from Doda Lennox, one necklace, of the value of $10; one locket, of the value of $150, and $6.50 in money.

Miss Doda Lennox testified, that she lived in DeKalb, Texas, and was going to school in Granburry. She visited the fair in Dallas, and on the 16th of October, went into Goggin's music store, and was trying some music at a piano. Laid her purse down on the counter, just behind the piano stool upon which she was sitting. It contained the locket, necklace and money as described in the indictment. In about five minutes, she noticed two negroes come into the store and pass close to where the purse was; when they had been gone from the store a few minutes, she missed the purse. (The necklace and locket were here handed to witness and identified by her). She could not identify either of the negroes.

Langdon Harris, who was a clerk at Goggin's at the time, corroborated the testimony of Miss Lennox, and identified defendant as the negro he saw handling music in reach of where the purse laid upon the counter. These negroes were the only persons near the purse while Miss Lennox was in the store. He called up the police as soon as the purse was missed—described the negroes and two days thereafter identified them, after their arrest, at the city hall.

Alexander, a detective, testified, that from the description given by Harris, he arrested the two negroes, and a one-eyed negro who was with the defendant the next day at the fair grounds. Put the one-eyed negro into the cell with defendant and promised him that he would release him if he would get a confession out of defendant. He was soon taken out of the cell, went with the officers to the fair grounds, and there picked up the jewelry right at the place where defendant had been arrested.

Wood Ramsey testified, that he was assisting the officers when they arrested defendant, and his impression was, that when defendant's hand was jerked from his pocket, he saw something fall from his hand, and this impression was revived upon his learning of the discovery of the lost property at the place where defendant was arrested.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of personal property over the value of $50, and his punishment assessed at two years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. Appellant made a motion for a continuance, which was overruled, and he saved an exception thereto. He also brought the same matter forward in a motion for a new trial, which was overruled by the court, and he reserved his exception. Appellant shows that he had subpœnas issued for A. G. Holt, Will C. Faught, and one Howard, all residents of Dallas County, but

it shows, however, that the process had not been returned, and that he
did not know what effort had been made to procure service.  In such
contingency, it was the duty of the appellant to present a motion in
court requiring the officer to make return of said process, so that he
could see what had been done.  The application also fails to state any
facts expected to be proved by said witnesses, but only a conclusion.
He states that he expects to prove by said witnesses that he was not in the
store of Thomas Goggan & Bro., Dallas, Texas, at the time of the theft.
Whether it was expected to be shown by these witnesses that they were
in the store at the time the theft occurred, and that appellant was not
then in said store, or whether it was proposed to be shown by them
that, at the time of the said theft, they were in another and different
place, and that appellant was there also, is not stated.  Appellant also
claimed a continuance on account of the absence of one Dunn, who, he
alleges, was duly served; but, in the same breath, he says that the re-
turn shows said witness to be temporarily absent from the County of
Dallas, his permanent home.  Under this statement we are at a loss to
know whether the witness was in fact served with process, or whether
there was a failure to serve him on account of his temporary absence.  Ap-
pellant shows that he expects to prove by said witness that the money upon
his person at the time of his arrest was money paid to him a short time
before said arrest, and not the money alleged to have been taken from
the pocketbook of Doda Lennox, the prosecuting witness.  In regard to
this, it is sufficient to say that no money was found upon the appellant
at the time of his arrest, and this was not used as a criminative fact
against him.  On the trial, while the witness, Massie, was on the stand,
he being a witness for the defendant, the State, on cross-examination,
proved by him that the one-eyed negro was put in the cell with the de-
fendant.  The said witness was then asked, "When they took said negro
out of the cell, what did he tell them that the defendant told him while
he was in the cell with him?"  This was excluded, but said witness was
permitted to state that, "after the one-eyed negro was in the cell with
the defendant for an hour or so, we took him out, and took him to the
fair grounds, and he pointed out the lost property, which was some
jewelry."  The bill of exception shows, simply, that the appellant ob-
jected to the admission of said testimony, and no grounds of objection
are stated.  Under the facts of this case, it was admissible for the State to
show that some of the lost property was found on the ground where they
had arrested the defendant the night before.  This part of the testimony
was certainly admissible.  If the bill in question had pointed out that
portion of the testimony which was inadmissible, and had stated the
grounds therefor, it might have been excluded by the court; but this
was not done.

Appellant contends that he was placed upon trial before two full days
had elapsed after he was served with a copy of the indictment.  The
court's explanation shows that the indictment was served on him on Sat-
urday, and he was not brought to trial until Tuesday.  The contention

of the appellant that Sunday should not be counted is groundless. The evidence in this case supports the verdict, and the judgment of the lower court is affirmed.

*Affirmed.*