GULF, COLORADO & SANTA FE RAILWAY COMPANY v. LOUIS WERNER STAVE COMPANY.

Decided October 14, 1910.

1.—Computation of Time—Inclusion of Sunday.

Where a statute requires an act to be performed within a given number of days or hours, and contains no provisions that Sunday shall be excluded in the computation, the courts have no power to read into the statute an intention on the part of the Legislature to exclude Sunday from the computation.

**2.—Same—Shipper—Failure to Load Cars—Penalty.**

In computing the 48 hours within which cars demanded by a shipper must be loaded after they are delivered, Sunday is not to be excluded when it falls within the time. This construction is not necessarily in conflict with articles 196 and 197 of the Penal Code forbidding labor on Sunday.

**3.—Same—Penalty—Statute Construed.**

Article 4500, Rev. Stats., authorizes the collection of only one penalty for each car that the shipper fails to load within 48 hours after it is delivered and placed for loading, and the statute being penal in its nature, can not be extended by implication.

Appeal from the County Court of Galveston County. Tried below before Hon. Geo. E. Mann.

*Terry, Cavin & Mills,* for appellant.—The court erred in excluding Sunday from the computation of the 48 hours. Art. 4500, Rev. Stats. of Texas, as amended by the Acts of 1899, p. 67; Wood v. City of Galveston, 76 Texas, 126; Adams v. State, 33 S. W., 354; Payton v. State, 34 S. W., 615; 28 Am. & Eng. Ency. of Law, pp. 222 to 226 inclusive; Franklin v. Holden, 7 Rhode Island, 215; Casey v. Viall, 17 Rhode Island, 348; State v. Green, 66 Missouri, 631; Burr v. Lewis, 6 Texas, 76; Hanover Fire Insurance Co. v. Shrader, 89 Texas, 35.

*MacInerney & Wilson,* for appellee.—Where a statute requires a certain act to be performed within a given number of days or a given number of hours, and Sunday intervenes, and the doing of the act requires the doing of servile work, Sunday should not be included in the computation of such number of days or hours if the doing of the act involves the violation of a penal law or laws prohibiting the doing of servile work on Sunday. Art. 4500, Rev. Stats. of Texas, as amended by the Acts of 1899, p. 67; arts. 196 and 197 of the Penal Code; Rigney v. White, 4 Daly (N. Y.) Rep., 400.

PLEASANTS, Chief Justice.—This suit was brought by appellee against appellant in the Justice Court of Galveston County to recover the sum of $125.

The trial in the Justice Court resulted in a judgment in favor of plaintiff for the sum of $75, and upon appeal to the County Court and a trial *de novo* therein, a like judgment was rendered. The cause was tried in the court below without a jury.

The amount sought to be recovered by appellee was paid by it to appellant as a penalty claimed by appellant under article 4500 of the Revised Statutes for the failure of appellee to load within 48 hours after they were delivered, three cars furnished it by appellant under a requisition made therefor by appellee under the provisions of article 4497 of the Revised Statutes. There is no contention on the part of appellant that the payment of said amount by appellee was voluntary, and it must be presumed that such payment was made under protest.

The agreed statement of facts upon which the case was tried in the court below is as follows:

"1.   That the usual statutory requisition was made by plaintiff on defendant on September 19, 1907, for 3 cars, and that cars A. T. No. 26262, A. T. No. 23319 and A. T. No. 28524, were furnished by defendant on September 20, 1907.

"2.   That car A. T. No. 26262 was placed at 10 a. m., September 20, 1907, and loaded and billed at 8 a. m., September 23, 1907.

"3.   That car A. T. No. 23319 was placed at 10 a. m., September 20, 1907, and loaded and billed at 1:30 p. m., September 23, 1907.

"4.   That car A. T. No. 28524 was placed at 10 a. m., September 20, 1907, and loaded and billed at 4:30 p. m., September 23, 1907.

"5.   That a penalty of $25 was charged by defendant and paid by plaintiff on car A. T. No. 26262; that a penalty of $50 was charged by defendant and paid by plaintiff on car A. T. No. 23319; that a penalty of $50 was charged by defendant and paid by plaintiff on car A. T. No. 28524.

"6.   That September 22, 1907, was a Sunday."

Upon these facts the trial court held:

First:   That appellee was not liable under the provisions of the article before mentioned for a penalty of $25 for failure to load car No. 26262 within 48 hours after it was delivered and placed by the appellant, because said car was loaded by appellee within 48 hours after it was delivered excluding the 24 hours of the Sunday which intervened between the time of the delivery and the completion of the loading of the car, and it being unlawful under the statutes of this State to perform labor of this kind on Sunday, that day must be excluded in computing the time appellee was allowed in which to load said car.

Second:   That under said article of the statutes, appellant was only allowed to collect from appellee one penalty of $25 for each of said remaining cars, and its collection of $25 per car for each day said car remained unloaded after the expiration of said 48 hours, was unauthorized and illegal.

Both of these conclusions are assailed by appellant under appropriate assignments of error.

The proposition advanced by appellant against the first conclusion of the trial court is:   "Where a statute requires an act to be performed within a given number of days or given number of hours and contains no provision that Sunday shall be excluded in computation of such number of days or hours, the courts have no power to read into the statute an intention on the part of the Legislature to exclude Sunday from such computation."

This proposition is fully supported by the decisions of our higher courts.   In the early case of Burr v. Lewis, 6 Texas, 76, in which the question presented was whether Sunday should be included in the computation of the time allowed by the statute for the filing of an appeal bond, Justice Wheeler, speaking for our Supreme Court, says:

"It is further objected that the twenty days allowed for giving the appeal bond expired on Sunday, and that the appellant was therefore entitled to the following Monday, which was the day on which the bond was in fact given.

"This precise question was decided by the Supreme Court of New York in the case of ex parte Dodge (7 Cow. R., 147).

"Several of the authorities now cited in support of the position that Sunday, being the last day of the time allowed by the statute for perfecting the appeal, is not to be counted, were cited and relied on to maintain the same proposition in that case. But the court said: 'The cases referred to respect rules of practice. Sunday, has in no case, we believe, been excluded in the computation of statute time.' They accordingly decided that an appeal taken on Monday, the ten days allowed by the statute having expired on the preceding Sunday, was not in time.

"The cases cited by counsel for the appellant show that the court, in the construction of its rules of practice, may exclude Sunday in the computation of time. But no case has shown that where a statute directs that an act shall be done within a certain number of days, Sunday may be excluded from the computation, though it be the last day. That proposition can not, it is believed, be maintained."

In Wood v. City of Galveston, 76 Texas, 126, the same question was raised in regard to the time in which a defendant was required to file an answer after he had been served with citation, and the same ruling was made by the court.

In Adams v. State, 35 Texas Crim. Rep., 285 (33 S. W., 354), and Payton v. State, 35 Texas Crim. Rep., 508 (34 S. W., 615), a similar ruling was made by the Court of Criminal Appeals in regard to the time allowed a defendant to prepare for trial after service of indictment, and after the service of a copy of the names of a special venire.

In Hanover Fire Ins. Co. v. Shrader, 89 Texas, 35, the same ruling was made in regard to the time for filing application for a writ of error.

This rule is also sustained by the following authorities: Casey v. Viall, 17 Rhode Island, 348; State v. Green, 66 Missouri, 631; Franklin v. Holden, 7 Rhode Island, 215; 28 Am. & Eng. Ency. Law, pp. 222-226.

It can not be said that this construction of this statute necessarily brings it in conflict with articles 196 and 197 of our Penal Code forbidding labor on Sunday. It does not appear from the facts of this case that appellee would have been compelled to have labored on Sunday to have loaded the car within 48 hours after it was delivered and placed for loading, and until such a case is presented the courts are not called upon to determine which of the statutes should govern.

We think appellant's second objection to the judgment is without merit. The statute only authorizes the collection of one penalty for each car that the shipper fails to load within 48 hours after it is delivered and placed for loading, and it goes without saying, that a penal statute of this kind can not be extended by implication but must be

strictly construed, and no penalty not expressly provided by the terms of the statute can be enforced.

It follows from what we have said, that the judgment of the court below in favor of appellee should be reformed so as to allow appellant to retain the $25 penalty for the failure of appellee to load car No. 26262 within 48 hours after it was delivered, and as so reformed should be affirmed, at appellee's cost, for the sum of $50, and it is so ordered.

*Reformed and affirmed.*