## TATE v. STANDARD ACCIDENT INS. CO.
### No. 2021.

Court of Civil Appeals of Texas. Beaumont.
Nov. 28, 1930.

Rehearing Denied Dec. 3, 1930.

Howth, Adams & Hart and Elton Cruse, all of Beaumont, for appellant.

Cole, Cole, Patterson & Kemper, of Houston, and Barnes & Barnes, of Beaumont, for appellee.

O'QUINN, J.

Appellant, Bennie Tate, acting by and through his father as next friend, sued appellee to recover compensation under the Compensation Act for an injury received by him May 26, 1929, as an employee of the Petroleum Iron Works of Texas. Appellee was the insurance carrier under said act.

Appellant filed his claim for compensation with the Industrial Accident Board, and the board made its final award on December 5, 1929, awarding to him the sum of $9.42, the insurer admitting liability, and the board, holding that claimant had failed to establish any further incapacity, finally and fully discharged appellee from any further liability. Appellant elected not to abide said award, and on December 21, 1929, by registered mail properly stamped and addressed to the Industrial Accident Board, at Austin, Tex., gave notice of his dissatisfaction with said award and his intention to appeal from same, which letter, it appears, was actually received by the board on December 30, 1929. This suit to set aside the award of the board was filed January 9, 1930. Appellee filed its plea to the jurisdiction of the court to hear and determine the matter, because it alleged, notice of intention not to abide the award and to file suit to set same aside had not been given to the Industrial Accident Board by appellant within twenty days after the making of the final award by the board. The court sustained appellee's plea to the jurisdiction and dismissed the suit.

The undisputed facts show that the notice was sent to the Industrial Accident Board at Austin, Tex., by registered letter properly stamped and addressed, and placed in the post office at Beaumont, Tex., on December 21, 1929; that on the same date and in same manner notice was sent to appellee, Standard Accident Insurance Company, directed to its proper address, which was received and receipted for by said company on December 22, 1929. On motion for a new trial by appellant, it appears from sworn exhibits attached to said motion that the Industrial Accident Board has and maintains its office at and in the capitol building in the city of Austin, Tex.; that the board closed its office for the Christmas holidays on December 23d, at 5 o'clock p. m., and that said office remained closed and was not open for resumption of business until December 30, 1929, at 8 o'clock a. m. This appears from the affidavit of Mrs. Espa Stanford, a member of the board. It further appears from the affidavit of Chas. E. Huddleston that there is a substation post office located and maintained in the capitol building in the city of Austin, Tex., and that he is the superintendent in charge of same; that on December 24, 1929, at 9:30 o'clock a. m., he received from the main post office in Austin registered letter No. 68385, the letter sent by appellant containing the notice. This letter was received by the main post office at 3 o'clock p. m. on December 23, 1929, and was sent by the main office to the capitol station at 7:20 o'clock a. m. on December 24th. The letter was addressed to the Industrial Accident Board, and, upon its receipt on the morning of December 24th, he immediately placed a notice of same in the post office box rented to and belonging to the Industrial Accident Board, and to which box said board had a large number of keys—said notice so placed in said box notified said board that he (Huddleston) held said letter for delivery.

Motion for a new trial was overruled, to which appellant excepted, and the case is before us on appeal.

The question for decision is whether appellant gave timely notice of appeal to the Industrial Accident Board. Such notice is necessary to confer jurisdiction on the court to hear the case. The court held that notice was not given as required by law, and dismissed the suit. We think the court erred. The law requires that notice of appeal shall be filed by the dissatisfied party with the board within twenty days after the final award is made by the board. The award was made on December 5th. Notice could have been filed with the board at any time up to midnight of December 25th. The word "filed" means presented to the Industrial Accident Board. It would then be filed by said board. The courts have repeatedly held that such notice may be given by registered mail; the essential being that it must reach the board within the twenty days. This was known to appellant, and he had the right to resort to the method approved by the courts. He did this. He deposited the notice in a registered letter, duly stamped and properly addressed to the board at Austin, Tex., in the post office

at Beaumont, Tex., on December 21, 1929. There is and was at said time a substation post office located and maintained in the capitol building in the city of Austin, and the board maintains its office in said capitol building. The record shows that the registered letter was received at the main post office at Austin at 3 o'clock p. m. on December 23d, and was sent by the main post office to the substation post office at 7:20 o'clock a. m. December 24th; that immediately the person in charge of said substation placed a written notice in the mail box of the Industrial Accident Board stating that he held such letter for delivery to said board. This evidently was the customary way in which such letters were delivered, for it must be held as a matter of common knowledge that many such notices were being constantly sent by parties appealing from the orders of said board to said board at said post office, and that these registered letters were thus delivered to the board. This custom and method was known to the board, and it did not expect such letters to be delivered otherwise. Such being true, it was the duty of the board to regularly and promptly call at the post office and get such letters. If this had been done, the notice would have been timely received. At any time during the two days, December 24th and 25th, this letter could have and would have been delivered to the board had it, as it had usually done, promptly taken its mail out of its box kept by it for said purpose.

It is without dispute that the board closed its office on the evening of December 23d, and that same was not opened until December 30th. On that date the registered letter was received by it. It was no fault of appellant that said office was thus kept closed, nor was it his fault that the board did not call for and get its mail. Before the statute relative to notice was amended, it was required that notice be given to the adverse party and to the board within twenty days after the final award. Frequently much trouble was had in giving notice to the adverse party—individuals—because of inability to locate them. Sometimes they could not be found. In Harris v. Texas Employers' Insurance Association (Tex. Civ. App.) 257 S. W. 998, quoting from the syllabus, it was said:

"The right to sue to set aside a final decision of the Industrial Accident Board under the Workmen's Compensation Act * * * was not lost by failure to give notice to the adverse party of such intention within 20 days, where insurer exercised diligence in attempting to give notice, and the failure to accomplish service was not chargeable to its neglect."

Judge Vaughan, in the cited case, said:

"Appellee was not remiss in its efforts to protect its right to have the proceedings of said board reviewed by a court of competent jurisdiction, nor in its efforts to comply with the requirements of the law in giving said notice; but, to the contrary, with marked diligence, prosecuted its efforts in that respect. Its failure to accomplish the service within the time fixed by law is not chargeable to any neglect on the part of appellee to discharge the burden resting upon it in this instance. Certainly valuable legal rights were never intended to be made by the law to depend upon the performance of an act which could not be accomplished under that degree of care and diligence exercised by a person of ordinary prudence under like or similar circumstances."

Application for a writ of error against this holding was refused by the Supreme Court. The courts having repeatedly held that notice by registered mail was a compliance with the law, appellant had the right to use and rely upon that method of giving notice. He had no knowledge that the board would close its office on December 23d and not reopen same until December 30th, and that no one for the board would pay any attention to its mail during that time, nor was he called upon to anticipate that such might be the case. We think that, when the notice of the registered letter was placed in the mail box of the board, under the custom of its getting its mail and so receiving such notices, and the board's knowledge that such notices were constantly being sent and received in that way, and the numerous decisions that notice could be thus given, it was a sufficient delivery to the board to meet the intent of the law. Furthermore, it is the policy of the law that it shall be liberally construed so as to effectuate the purposes for which it was enacted, and its procedure should not be so technically construed as to defeat its provisions, especially when the party seeking to appeal has used reasonable care and diligence to comply with the requirements of the law in order to avail himself of this right, and, through no fault of his, but solely because of the absence of the entire board and its office force from its office, the notice was not received for some six days after reaching the board's mail box.

Moreover, it is believed that the trial court had jurisdiction because, if it should be said that appellant failed to file with the board notice of his dissatisfaction and intention to appeal within the time provided by statutory law, he not being at fault, and such delay in the filing being due solely to the fault of the board by reason of their closing and being absent from their office, together with their entire office force, appellant would be allowed a reasonable time after said board resumed its public duties in which to perfect his appeal, or at the very least equal to the time elapsing from 9 o'clock a. m. on Decem-

ber 24, 1929, until 5 o'clock p. m. of same day, or one full day, and it is undisputed that the letter containing the notice was awaiting the board at the post office all of December 24th, and was received and filed the first day after the board reopened its office and resumed its official duties. So that under this rule appellant filed his notice with the board within the required time. We believe this to be sound, and supported by equity, good reason, and authority. It is said in 3 C. J. 1072, § 1079:

"As a rule, if delay in taking or perfecting an appeal or in filing or suing out a petition in error or writ of error is caused by the act or omission of the court or of some official thereof when the act or concurrence of the court or of such official is necessary, the appeal may be taken or perfected, or the petition of writ of error filed or sued out, after the expiration of the prescribed time."

Many authorities from many jurisdictions, including several from the United States Supreme Court, are cited to sustain the rule. This seems peculiarly applicable to the facts of the instant case. But for the fact that the board closed, and kept closed, its office from the 23d of December until after the twenty days had elapsed, the notice would have been duly filed, it being impossible, under the circumstances, for appellant to secure a filing of his notice while the office was closed. This principle is announced by Texas Employers' Insurance Association v. Fussell (Tex. Civ. App.) 1 S.W.(2d) 404 (writ refused), and Harris v. Texas Employers' Insurance Association (Tex. Civ. App.) 257 S. W. 998 (writ refused).

From what we have said it follows that the judgment should be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.