## GREAT AMERICAN INDEMNITY CO. v. DOMINGUEZ et al.

### No. 8043.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1936.

Nat L. Hardy and T. M. West, both of San Antonio, Tex., for appellant.

Ben F. Foster, of San Antonio, Tex., for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges, and BORAH, District Judge.

HUTCHESON, Circuit Judge.

Appellees, claimants below, brought this suit under the Texas Workmen's Compensation Act to set aside an adverse final ruling of the Industrial Accident Board. Appellant resisted the suit below and complains of the judgment here on the jurisdictional ground that appellees did not "within twenty days after the rendition of the final ruling and decision of the Board" file with the board notice that they would not abide by it.

The District Judge, upon appellant's suggestion that the jurisdictional question was a preliminary one to be determined by the court, decided that the notice had been filed in time. This appeal tests the correctness of that ruling.

The board's award finding against claimants was made on August 9, 1933. On August 28, Foster, the attorney for plaintiffs in Del Rio, Texas, prepared a notice of appeal, addressed it to the Industrial Accident Board, and taking it to the Del Rio post office registered, stamped, and deposited it for mailing. The only conveyance carrying registered mail from Del Rio to San Antonio leaves Del Rio about 10:30 in the morning, arrives in San Antonio about 3 or 3:30 in the afternoon, and in Austin at 11 p. m. Unless the letter was deposited in time to make the 10:30 train on August 28, it would not leave Del Rio until the 29th, and would not arrive in Austin until 11 p. m. on that night, too late to be filed in time.

Foster testified that he could not say whether he mailed the letter before or after the morning train had gone through. Counsel for defendant testified that Foster had told him that he mailed the letter after the morning train had gone, under the impression that the mail would go forward that same day by bus, not knowing then that buses did not carry registered mail.

Though plaintiffs' counsel admitted that he had in his possession, but would not produce it, the registry return receipt showing when the letter was delivered to the board and that he had had the post office department trace the delivery, no proof was made by plaintiffs as to the actual receipt of the letter either at the post office in Austin or by the board. The actual notice, carrying the stamp of the board, showing receipt on August 30th, when it was too late to file it, was offered in evidence, as was the testimony of the secretary that all registered letters were delivered to him and stamped by him immediately upon receipt.

The District Judge, upon the expressed view that the statute was a remedial one and should not be construed so as to deprive the parties of substantial rights, concluded that sufficient proof was made of substantial compliance with its filing provision.

We think this ruling out of accord with the decisions of the Texas courts which we are bound to follow. These settle that the jurisdiction of á court to hear a suit to set aside a final ruling and decision of the Industrial Accident Board is absolutely dependent upon plaintiffs pleading and proving precise and exact compliance with the essential statutory steps, Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Texas Employers' Ins. Ass'n v. Cook (Tex.Civ.App.) 55 S.W.(2d) 205; Texas Employers' Ins. Ass'n v. Nelson (Tex.Civ.App.) 292 S.W. 651, 652; Texas Employers' Ins. Ass'n v. Schoeppel (Tex.Civ.App.) 10 S.W.(2d) 405; Texas Employers' Ins. Ass'n v. Neatherlin (Tex. Civ.App.) 31 S.W.(2d) 673; Texas Employers' Ins. Ass'n v. Teel (Tex.Civ.App.) 40 S.W.(2d) 201; Union Indemnity Co. v. Drake (Tex.Civ.App.) 42 S.W.(2d) 839; c/f Western Cas. Co. v. Hunt (C.C.A.) 69 F.(2d) 129. One of the essential steps is the giving of notice, by filing with the board within 20 days, that its ruling will not be abided by. Lumbermen's Reciprocal Ass'n v. Henderson (Tex.Com.App.) 15 S. W.(2d) 565; Hood v. Texas Employers' Ins. Ass'n (Tex.Civ.App.) 260 S.W. 243; McClure v. Georgia Casualty Co. (Tex. Com.App.) 251 S.W. 800.

Appellees rely generally upon the presumption that a letter properly stamped, delivered, and mailed, is delivered to the addressee in due time. Davis v. Petroleum Casualty Co. (Tex.Civ.App.) 13 S.W. (2d) 981; Smith v. F. W. Heitman Co., 44 Tex.Civ.App. 358, 98 S.W. 1074, 1076, and upon cases like Federal Surety Co. v. Ragle (Tex.Com.App.) 40 S.W.(2d) 63, holding that a remedial statute like the act, should be liberally construed. Finally, they rely particularly upon Tate v. Standard Accident Co. (Tex.Civ.App.) 32 S. W.(2d) 932, holding sufficient compliance shown by proof that a registered letter reached Austin in time to be timely delivered to the board, and that notice of its receipt had been placed in the board's box, but could not be delivered because its offices were closed, and upon Texas Employers' Ins. Ass'n v. Moore (Tex.Civ. App.) 70 S.W.(2d) 702, holding that the filing of suit after notice of dissatisfaction with the award had been mailed, but before it had been filed with the board, was not a premature filing.

We think that none of these reliances will avail. Of the general proposition that the statute is a remedial one and should be liberally construed, and that a presumption of due delivery attends proof of mailing, it is sufficient to say that the Supreme Court of Texas has definitely decided that proof of the timely filing with the board, of notice of intention not to abide an award is a statutory jurisdictional prerequisite.

Of the two cases particularly relied upon, it is sufficient to say of the first, the Tate Case, that the proof made there of timely delivery into the custody of the board clearly satisfies the authorities. That case is like Gonzales v. Vaello (Tex.Civ. App.) 91 S.W.(2d) 904, which holds that the placing of a paper legally entitled to be filed, in the actual custody of the clerk, is filing; that a petition accompanied by a letter requiring immediate delivery, and a prepared citation ready for filing, which was deposited in the box in the office of the clerk kept by him for the receipt of incoming mail, but because of his absence was not in fact filed, may be regarded in law as filed.

The other case relied upon is not at all in point. There the notice of appeal from the decision of the board was timely filed. The filing of the suit after the notice had been mailed, but before it had been received by the board, was held sufficient against the objection of prematurity. In this case the plaintiffs not only failed to carry the positive burden of showing that the letter was mailed in time, but the file mark of the board and the presumptions arising from the failure of the plaintiffs to offer the proof they had in hand, affirmatively establish that the notice reached the board too late for effective filing.

For the failure to sustain the plea to the jurisdiction, the judgment is reversed, and the cause is remanded, for further and not inconsistent proceedings.

Reversed and remanded.