## FIDELITY & CASUALTY CO. OF NEW YORK v. MILLICAN.

### No. 10239.

Court of Civil Appeals of Texas. San Antonio.

March 3, 1938.

Rehearing Denied April 13, 1938.

Vinson, Elkins, Weems & Francis and C. M. Hightower, all of Houston, for appellant.

H. S. Bonham, of Corpus Christi, K. D. Hall, of Refugio, and J. A. Wood and M. W. Pitts, Jr., both of Corpus Christi, for appellee.

SLATTON, Justice.

J. C. Millican, appellee, filed this suit against the Fidelity & Casualty Company of New York, appellant, in the district court of Refugio county, to set aside an award of the Industrial Accident Board. Upon a jury verdict, the trial court entered judgment in favor of appellee. Appellant appeals.

Appellee upon the trial offered in evidence a certified copy of his claim for compensation, dated December 6, 1935, showing the same had been received by the board December 7, 1935; and that the claim was set for hearing on the merits by the board, February 11, 1936. The board made a final award upon the claim in favor of appellee for 200 weeks at the rate of $20 per week, on March 16, 1936.

Appellee also offered in evidence a certified copy of notice of appeal, dated April 3, 1936, signed by appellee, showing the same to have been received by the board April 6, 1936; and certified copy of a notice of appeal by appellant, which was received by the board April 4, 1936.

Appellee testified that his notice of appeal was mailed in Refugio on the afternoon

of April 3d, and in time to get to Austin the following day.

The appellant offered in evidence a certified copy of appellee's notice of appeal showing the same to have been filed April 6, 1937. At the conclusion of the evidence and before the charge was read to the jury, appellant filed a motion to dismiss the cause for lack of jurisdiction, which was overruled by the court. This action is one of the assigned errors here. The trial court in overruling appellant's motion evidently took the view that appellant waived the defect by not filing a plea to the jurisdiction in the nature of a plea in abatement, or that the appellant's notice of appeal being timely filed with the board (although it had not perfected its appeal by filing suit) was sufficient to give the court jurisdiction.

In the case of Perkins v. U. S. F. & G. Co., 299 S.W. 213, 217, Section B of the Commission of Appeals states the applicable rule as follows: "Parties to an action cannot confer jurisdiction of the subject-matter on the court by consent or estoppel. If the court has not jurisdiction of the subject-matter, an agreement would be a nullity and unenforceable."

Our Supreme Court in the case of Mingus v. Wadley et al., 115 Tex. 551, 285 S.W. 1084, 1087, in part, say:

"The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. * * *

"The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor; each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies."

Clearly, under our statutes, Vernon's Ann.Civ.St. art. 8307, subd. 5, it was necessary for appellee to file his notice of appeal with the Industrial Accident Board within twenty days after March 16, 1936, to confer jurisdiction upon the district court of Refugio, Texas.

In the case of Lumbermen's Reciprocal Association v. Henderson, 15 S.W.2d 565, Section A of the Commission of Appeals, the facts were almost identical to the present case: The action of the board refusing to reopen a claim and award compensation was on July 2, 1926, on July 21, 1926, Henderson deposited in the mail, at Orange, Tex., his notice of appeal, and this notice in the due course of mail should have reached Austin, Tex., in the early morning of July 22d. The board certified that it was received on July 26, 1926. The court held that the notation made by the board on the notice of appeal, that it was received on July 26th, destroyed the presumption that it was received on the 22d; therefore the district court lacked jurisdiction to make an award.

The Court of Civil Appeals of Eastland in the case of Worley v. Petroleum Casualty Company, 24 S.W.2d 756, writ refused, held that the giving of a notice of appeal within twenty days is jurisdictional. And that a party has no authority under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., to predicate his suit on notice given by the adverse party. See, also, Cooper v. U. S. F. & G. Co., Tex.Com.App., 29 S.W.2d 971.

The award in the instant case being made on March 16, 1936, and appellee's notice of appeal having been received and filed on April 6, 1936, by the board—a period of twenty-one days having intervened—the district court lacked jurisdiction, therefore should have dismissed the suit. It may be contended that the twentieth day being Sunday, it should be excluded in computing the twenty days. Let us examine our authorities upon this question. In the early case of Burr v. Lewis, 6 Tex. 76, in construing a statute providing that an appeal bond should be given within twenty days after the term, it was held that a Sunday could not be excluded from the computation though it be the last day. To the same effect as to filing an application for writ of error: Hanover Fire Ins. Co. v. Shrader, 89 Tex. 35, 32 S.W. 872, 33 S.W. 112, 30 L.R.A. 498, 59 Am.St.Rep. 25. See, also, Long v. Martin, 112 Tex. 365, 247 S.W. 827; Gulf, C. & S. F. Ry. Co. v. Louis Werner Stave Co., 62 Tex.Civ.App. 284, 131 S.W. 658; Minor v. McDonald, 104 Tex. 461, 140 S.W. 401. The cases of Great American Indemnity Company v. Dominguez, 5 Cir., 84 F.2d 179, and Texas Employers' Ins. Ass'n v. Cook, Tex.Civ.App., 55 S.W.2d 205, are particularly applicable.

From these authorities it appears that in the computation of the twenty days that Sunday, though it be the last day, cannot be excluded, and that appellee failed to

file his notice of appeal with the board within the statutory period.

Upon the statute and the foregoing decisions, we are of the opinion that the district court of Refugio county had not jurisdiction of the subject matter of this suit; for that reason, the judgment entered by the trial court should be here reversed and the suit dismissed at the cost of appellee. It is so ordered.