## PRICE v. CONTINENTAL CASUALTY CO.
### No. 2786.

Court of Civil Appeals of Texas.
Eastland.

April 28, 1950.

Bryan Bradbury, Abilene, for appellant

McMahon, Springer & Smart, Abilene, for appellee.

COLLINGS, Justice.

Appellant, W. F. Price, brought this suit in the County Court against appellee, Continental Casualty Company, upon a claim for workmen's compensation. Pleas to the jurisdiction and in bar on the sole ground that the amount sued for was beyond the jurisdiction of the County Court were sustained and W. F. Price brings this appeal.

It has been agreed between the parties that appellant, who was plaintiff in the trial court, within due time gave proper notice to appellee that he was unwilling to abide by the final ruling and award of the Industrial Accident Board; that within twenty days thereafter he filed his petition in the County Court setting forth therein a cause of action that involved an amount in excess of $1,-000.00, and prayed judgment therefor.

Subsequently, and at a time after twenty days had expired from the service of such notice of appeal from the final award of the Industrial Accident Board, appellant filed his first amended original petition. Such amended petition pleaded the identical facts alleged in the original petition except that the cause of action and prayer for relief was for an amount less than $1,000.00 and within the jurisdiction of the County Court. Appellee thereupon filed its plea to the jurisdiction and plea in bar on the ground that plaintiff's original petition sought recovery for an amount in excess of the maximum jurisdiction of the County Court and that plaintiff's first amended original petition which sought recovery for an amount within the jurisdictional limits of the County Court was filed too late to obtain jurisdiction in said court in that it was filed more than twenty days after the service of notice by the plaintiff of his intention to appeal from the final award of the Industrial Accident Board. Such pleas to the jurisdiction and in bar were sustained and appellant, W. F. Price, contends that such action of the court was error.

Under the agreed statement between the parties appellant filed his suit for compensation in the County Court in due time and manner in compliance with Article 8307, Section 5, R.C.S., Vernon's Ann.Civ.St. art. 8307, § 5, except that the amount sued for was in excess of $1,000.00. Appellant takes the position that regardless of the fact that the amount sued for in his original petition was in excess of the jurisdiction of the County Court, that his amended petition in which he sought less than $1,000.00 was a restatement of the same cause of action and constituted a compliance with the statute.

There is no question but that Section 5 of Article 8307 in requiring an interested party to bring suit in a court of competent jurisdiction within the county where the injury occurred within twenty days after giving notice of his unwillingness to abide by the final decision of the Industrial Accident Board, sets up a period of limitation after which an appeal from the award of the Board is barred. If the court, where suit is filed, is without jurisdiction of the cause of action stated in the petition, then the filing of the petition is not the "commencement and prosecution of a suit" and does not have the effect of interrupting limitation. 28 Tex.Jur. 191; Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Gulf, C. & S. F. Ry. Co. v. Gordon, Tex.Civ.App., 218 S.W. 74; Ball v. Hagy, Tex.Civ.App., 54 S.W. 915.

Under the agreed statement of the case, appellant as plaintiff, set forth in his petition and in his prayer for relief a cause of action that involved an amount in excess of the jurisdiction of the County Court. Since the court had no jurisdiction of the cause of action stated and the filing of such petition did not amount to the "commencement and prosecution of a suit" and since the amended petition which did state a cause of action within the jurisdiction of the County Court was not filed within the time provided and required by the statute, we are of the opinion that the court did not err but properly sustained the plea in bar and to the jurisdiction.

The judgment of the trial court is affirmed.