## TRAVELERS INS. CO. v. MACHANN.
### No. 13206.

United States Court of Appeals, Fifth Circuit.

May 11, 1951.

Rehearing Denied June 28, 1951.

See 190 F.2d 84.

Thos. M. Phillips, Houston, Tex., for appellant.

S. G. Kolius, Harry H. Burns, Houston, Tex., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This is a Workmen's Compensation suit, brought to recover for certain personal injuries alleged to have been suffered by appellee on or about March 20, 1947, while in the employ of one A. J. Anders.

Appellee filed a claim for compensation with the Industrial Accident Board of the State of Texas which rendered a decision on August 11, 1947, denying such claim, and discharging appellant, as the insurer, from all liability thereunder.

On August 30, 1947, appellee filed notice with the Industrial Accident Board that he would not abide by the adverse award, but would file suit to cancel such award and recover compensation. Under the Texas Workmen's Compensation Act, appellee had only twenty days thereafter within which to commence suit appealing from the decision of the Board. The statute provides: " * * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. * * * If any party to any such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, * * *." Vernon's Ann.Civ.St. Art. 8307, § 5.

After the filing of his notice of intention to appeal from the Board's adverse determination, on August 30, 1947, appellee consulted his attorney and requested him to perfect an appeal. Thereafter, nineteen days elapsed without any action being taken by the attorney. On the afternoon of the twentieth day, which was on September 19, 1947, appellee went to the office of his attorney to inquire about his case. He found that the necessary papers had still not been drawn, so he waited about two hours while his attorney had them prepared. The attorney gave appellee the papers when they were completed, and directed him to take them to Richmond, Fort Bend County, Texas, and to file them in the District Court of that county that same day.

It was shown that appellee, Jerry Machann, had only a meager education, was of Czech descent, and spoke broken English; that when his attorney handed him the petition in Houston, Texas, at about 4:00 o'clock p. m. on the last day permitted under the statute for appeal, he rushed over to the county court house in Richmond, Texas, and inquired of Ella Macek, County Clerk, where the papers should be filed; that Miss Macek took the papers from him saying, "I'll take care of it", and thereupon filed the petition in the County Court, instead of either filing or directing appellee to file it in the office of the District Court Clerk, where it admittedly was supposed to have been filed. The office of the County Clerk was closed the following Saturday and Sunday, September 20th and 21st, and it was not until Monday, September 22nd, that Ella Macek discovered the petition should have been filed in the District Court. She thereupon notified appellee's attorney of the mistake, and that same day he directed her to deliver the petition immediately to the Clerk of the District Court, which she did. The petition was thus not actually filed in the District Court until September 22, 1947, three days after it had been mistakenly filed by appellee in the County Court on the last day of the twenty day period of limitation provided by the statute.

After the petition was filed in the District Court, appellant filed motion to dismiss the proceeding for want of jurisdiction, which was denied by the trial court. The case was thereupon tried before a jury, which returned a verdict awarding substantial compensation to plaintiff for partial incapacity resulting from his injuries, and judgment was entered accordingly.

The sole question presented by this appeal is whether the trial court erred in denying the motion to dismiss the cause for

lack of jurisdiction. No issue as to the merits of the case is even raised.

We are of opinion the trial court properly retained jurisdiction of this case. The jurisdictional issue here involved is without controlling precedent among the Texas authorities, as we are unable to find any Texas decision with identical facts. However, when we come to measure the degree of care and diligence exercised by this appellee in his efforts to prosecute his appeal in the light of his sparse education and background, and particularly in view of the liberal construction which the Texas courts have accorded the Compensation statutes, we are constrained to believe that this suit was timely filed. Harris v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 257 S.W. 998; Tate v. Standard Accident Ins. Co., Tex.Civ.App., 32 S.W.2d 932; Travelers Ins. Co. v. Johnson, Tex.Civ.App., 131 S.W. 2d 242; Cf. Great American Indemnity Co. v. Dominguez, 5 Cir., 84 F.2d 179.

Affirmed.