**TRAVELERS INS. CO., Appellant v. Jerry D. MACHANN, Appellee.**

No. 13206.

United States Court of Appeals
Fifth Circuit.

June 28, 1951.

For former opinion, see 188 F.2d 828.

Thos. M. Phillips, Houston, Tex., for appellant.

S. G. Kolius, and Harry H. Burns, Houston, Tex., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

Upon consideration thereof, it is ordered that the Petition for Rehearing in the above styled and numbered cause be, and the same hereby is

Denied.

RUSSELL, Circuit Judge (dissenting).

I must dissent from the judgment denying the Motion for Rehearing. Upon the original consideration of this case, I thought that since the statute, quoted in the opinion, only required that the interested party should within twenty days "bring suit in the county where the injury occurred", and this suit was so brought, even if in an improper Court, that there had been sufficient compliance with the intent of the statute. However, upon further consideration of the question upon motion for rehearing, this does not appear a proper construction of the Texas law and overlooked the ruling in Price v. Continental Casualty Co., Tex. Civ.App., 229 S.W.2d 887, to the effect that the filing of the petition in a Court without jurisdiction was not "the commencement and prosecution of a suit" within the terms of the statute and does not have the effect of interrupting the limitation thereby provided. I am left, therefore, with no proper basis for my judgment, except the

Texas law, which, in such cases, enforces a strict jurisdictional requirement and treats the timely filing of a suit as a statute of limitation, "compliance with which is mandatory and jurisdictional." 45 Tex.Jur. 759; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Great American Indemnity Co. v. Dominguez, 5 Cir., 84 F.2d 179. I, therefore, conclude that we should grant the motion for rehearing, withdraw the former opinion, and reverse the judgment of the trial Court.