**Octavia TAYLOR, Appellant,**

v.

**ROYAL INDEMNITY COMPANY, Appellee.**

**No. 12819.**

Court of Civil Appeals of Texas.

Galveston.

March 3, 1955.

Rehearing Denied March 24, 1955.

R. G. Allen, Jr., Houston, for appellant.

Hall E. Timanus, William R. Lummis, Houston, and Andrews, Kurth, Campbell & Bradley, Houston, of counsel, for appellee.

GRAVES, Justice.

This appeal, in a compensation case, is from a judgment of the 55th District Court of Harris County, Honorable Wilmer B. Hunt, Judge, presiding without a jury, the material substance of which is this:

" * * * it appearing to the Court that this cause is an appeal from a final ruling and award of the Industrial Accident Board of the State of Texas, entered on the 17th day of March, 1953, in that certain claim for death-benefits styled Thomas Taylor (Dec'd), Employee, vs. Harris Moving & Storage Company, Employer, and Royal Indemnity Company, Insurance Carrier, Board No. L-25682, and it further appearing to the Court that plaintiff, as the surviving wife and sole heir at law of Tom Taylor, deceased, failed to file with the Industrial Accident Board notice that she would not abide by said final ruling and award of said Board within twenty days after the rendition of said final ruling and award as required by the Workmen's Compensation Act of Texas as a prerequisite to appeal, and the Court being of the opinion that said plea should in all things be sustained and that this cause should be dismissed for want of jurisdiction, it is accordingly Ordered, Adjudged, and Decreed that this cause be dismissed for want of jurisdiction and that all costs be taxed

against the plaintiff, for which execution may issue."

The appellant in this Court presents this single point of error against the holding of the trial court so dismissing her cause of action there for lack of jurisdiction, to-wit:

"The court erred in holding that appellant's notice of appeal, mailed in ample time to reach the Board in due course of the mails within twenty days following the award, would not support an appeal to the courts."

The appellee here, in turn, answers such presentment with a single counter-point, as follows:

"The Trial Court did not err in holding that, because of the failure of Appellant to file with the Industrial Accident Board notice of dissatisfaction with, and of intention not to abide by, the final ruling and award of said Board within twenty (20) days after the rendition thereof on the 17th day of March, 1953, it was without jurisdiction to proceed."

This Court concludes that our authorities in Texas support the answering position of the appellee.

In the main these are as follows: Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Fidelity & Casualty Company of New York v. Millican, Tex.Civ.App., 115 S.W.2d 464, error refused; Lumbermen's Reciprocal Ass'n v. Henderson, Tex.Com. App., 15 S.W.2d 565; McClure v. Georgia Casualty Company, Tex.Com.App., 251 S.W. 800.

The final ruling and award of the Board was made on the 17th day of March, 1953. A notice of dissatisfaction with that final ruling and award, and of intention to appeal therefrom, dated the 3rd day of April, 1953, and signed by the attorney for the claimant, was received in the office of the Industrial Accident Board, on the 15th day of April, 1953, as is evidenced by an endorsement on such notice.

The mere recitation of the foregoing facts is thought to be sufficient to establish that the trial court was correct in ruling that it was without jurisdiction to proceed further in this case.

The Workmen's Compensation Act of Vernon's Ann.Tex.Civ.St. Article 8307, Section 5, requires, as a prerequisite to an appeal from an award of the Board, that notice of unwillingness to abide by the award shall be filed with it within twenty days after the rendition of any award, this wording being as follows: " * * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, *file* with said Board notice that he will not abide by said final ruling and decision. * * *" (Emphasis added.)

No such notice of intention not to abide by the final ruling and award of the Board in this case having been received by the Board within the twenty (20) day period from the date of the award so provided by this statute, the Trial Court was without jurisdiction to proceed further in the case.

Since the precise point so depended upon by the appellant appears to have been directly and repeatedly determined against her by decided holdings of our courts, it is deemed to be beyond the requirements for this Court to follow appellant either in efforts to demonstrate that her case has not been so determined adversely to her, or, if it has been, that the courts were in error in making those determinations.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

HAMBLEN, Chief Justice (concurring).

The manifest inequity which our decision effects in this present case compels me to state the unwillingness of my necessary concurrence therein. Our courts have recognized the fact that most if not all notices required by Section 5 of Article 8307, V.A.T.S., are sent by United States mail.

It has been held that notice sent by mail is a compliance with the law and that parties have a right to use and rely upon that method of giving notice. Tate v. Standard Accident Ins. Co., Tex.Civ.App., 32 S.W.2d 932, error refused. In the present case we are confronted with a situation wherein a claimant, employing a method of giving notice which is almost universally employed, and which has court approval, deposited the required notice in the mail at a time when, it is conceded, it should have reached the Industrial Accident Board in Austin within the twenty days allowed. For some unexplained reason, but not through fault of appellant, the notice was not filed by the Board until nine days after the expiration of the twenty days allowed. As a result, appellant is denied her day in court.

It is my belief that the Supreme Court, subsequent to those decisions which support this Court's opinion, has, by the passage of the Rules of Civil Procedure, and particularly Rule 5 thereof, not only recognized and approved the almost universal employment of the United States mails in the conduct of litigation in our courts, but has manifested an intention to provide against the delay which their employment will sometimes, though rarely, bring about. Since by Rule 820, T.R.C.P., the procedural portions of the Workmen's Compensation Law have been adopted and retained as rules of court, I have undertaken to so construe Rule 5, T.R.C.P., as to make its saving provisions applicable to the present case. However, I am unable to say that this original proceeding to set aside an award of the Industrial Accident Board, is a matter relating to the taking an appeal, as that language is used in Rule 5.

In Tate v. Standard Accident Ins. Co., supra, and in Travelers Ins. Co. v. Johnson, Tex.Civ.App., 131 S.W.2d 242, error dismissed, delay in filing was excused, where the mails were employed, upon the proposition that the record affirmatively disclosed that the delay was attributable to fault on the part of the Industrial Accident Board. No such showing is made here. I, therefore, concur in the conclusion reached by the opinion as filed.