Ella Marie YANCY, Individually and as Next Friend for Carolyn Ann Yancy, a minor, Appellant,

v.

TEXAS GENERAL INDEMNITY COMPANY, Appellee.

No. 314.

Court of Civil Appeals of Texas.

Tyler.

Feb. 29, 1968.

Rehearing Denied March 28, 1968.

See also Tex.Civ.App., 417 S.W.2d 643.

Phenix & Wilder, Bill Wilder, Henderson, for appellant.

Fred Erisman, Otto A. Ritter, Longview, for appellee.

DUNAGAN, Chief Justice.

This suit was brought for death benefits under the workmen's compensation law. Defendant (appellee) filed a plea in abatement to the jurisdiction of the court on the ground that plaintiff (appellant) failed within 20 days after the date of the award of the Industrial Accident Board to give notice of intention to appeal as required by Art. 8307, Sec. 5, Vernon's Ann.Tex.Civ.St.

Appellant had paid the jury fee and requested this case be placed upon the jury docket. Counsel for appellant made the following statement to the court, preceding a hearing upon appellee's motion:

"MR. WILDER: I want the record to show that Mr. Ritter's starting off with an explanation to the Court of what kind. of case this was and I have not announced that I am ready for this Hearing. When this case was filed I requested a jury and later on I was advised that I didn't put up a proper fee. I have now put up a jury fee. I have filed a sworn answer to this Plea in Abatement to the effect that we mailed the Industrial Accident Board notice not to abide. I feel like it is now a jury question and can be determined solely by a jury and we put up the fee and we see no reason for having this hearing because we have a fact question as to whether or not it was received. The law is quite clear that this certificate is not any conclusive evidence."

The court proceeded to hear evidence on the motion without the aid of a jury and at the conclusion entered an order dismissing this case for the want of jurisdiction.

The appellant contends that the trial court erred (1) "in rendering judgment for dismissal for appellees because the issues presented raised a fact issue which should have been submitted to the jury for determination."; (2) "in sustaining evidence presented by the appellees as conclusive evidence and such evidence would not support the judgment."; (3) "in rendering judgment for appellees because the judgment is contrary to the law and the evidence."

Appellee in reply to appellant's contentions contends that no fact issue existed for submission to a jury; further, that the preponderance of the evidence showed conclusively that the District Court of Gregg

County, Texas, lacks jurisdiction in this instance. With appellee's contentions we agree.

■ Under Article 8307, Sec. 5, V.T.S.C., the claimant was required to give notice of nonabidance within 20 days from the final ruling and decision of the Industrial Accident Board. This is a procedural step for an appeal from a final award of the Industrial Accident Board and compliance with this statute is mandatory and jurisdictional. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926); Lumbermen's Reciprocal Ass'n v. Henderson, 15 S.W.2d 565 (Tex. Com.App., 1929, holding approved); American Employers' Ins. Co. v. Scott, 33 S.W.2d 845 (Tex.Civ.App., Eastland, 1930, writ ref.); Fidelity & Casualty Co. of New York v. Millican, 115 S.W.2d 464 (Tex.Civ. App., San Antonio, 1938, writ ref.).

Unless the notice of nonabidance is timely given and suit thereafter is timely brought, the court has no jurisdiction to review the case. Tate v. Standard Accident Ins. Co., 32 S.W.2d 932 (Tex.Civ.App., Beaumont, 1930, writ ref.); American Employers' Ins. Co. v. Scott, supra; Harris v. Texas Employers' Ins. Ass'n, 257 S.W. 998 (Tex.Civ. App., Dallas, 1923, writ ref.).

The final ruling and award of the Board was made on the 26th day of August, 1966. Appellee offered in evidence a certified copy of an envelope of the law firm of Phenix & Wilder of Henderson, Texas, properly stamped, and addressed to the Industrial Accident Board at Austin, Texas, on which was written the Board's number of appellant's claim here involved. The envelope also bears the same certified mail number as shown on appellant's postal receipt retained by her as evidence of the filing of the notice of nonabidance. It also bears the postmark of September 27, 1966, and the stamp of the Texas Industrial Accident Board showing that it was received on September 28, 1966. Appellant also offered in evidence a certified copy of appellant's notice of nonabidance dated September 12, 1966, signed by claimant, Ella Yancy, and it also bears the stamp of the Industrial Accident Board showing it was received on September 28, 1966.

Appellant relies upon the testimony of her attorney, Bill Wilder, that the notice of nonabidance was deposited in the United States mail in Henderson, Texas, on the afternoon of September 12, 1966.

It is undisputed in the record that the notice of nonabidance was received by the Industrial Accident Board on September 28, 1966, which was 15 days after the 20 days allowed.

■ Even though the notice of nonabidance was deposited in the mail so that in due course it should have reached the Industrial Accident Board in Austin within the 20 days allowed, the undisputed evidence shows that it was not received by the Board until September 28, 1966. The notice must reach the Board within the 20-day period. McClure v. Georgia Casualty Co., 251 S.W. 800 (Tex.Com.App., 1923, judg. adopted); Tate v. Standard Accident Ins. Co., supra.

No such notice of nonabidance having been received by the Board within the 20-day period from the date of the award as provided by Art. 8307, Sec. 5, V.T.C.S., the trial court was without jurisdiction to proceed further in the case and properly dismissed the same. Fidelity & Casualty Co. of New York v. Millican, supra; Taylor v. Royal Indemnity Company, 276 S.W.2d 412 (Tex.Civ.App., Galveston, 1955, n. w. h.).

Appellant's contentions are overruled and the judgment of the trial court is affirmed.