AMERICAN GENERAL INSURANCE COMPANY, Appellant,

v.

Clementine KOHN, Appellee.

No. 11583.

Court of Civil Appeals of Texas.

Austin.

March 6, 1968.

Clemens, Knight, Weiss & Spencer, George H. Spencer, San Antonio, for appellant.

Byrd, Davis, Eisenberg & Clark, Don L. Davis, Austin, for appellee.

HUGHES, Justice.

This is a workmen's compensation suit in which appellee, Clementine Kohn, obtained a judgment against American General Insurance Company, appellant, for partial permanent benefits for personal injuries she sustained in the course and scope of her employment in Comal County.

The only point presented by appellant is that the trial court did not have jurisdiction of this case for the reason that appellee's suit was not filed within twenty days after giving notice to the Industrial Accident Board of her intention to appeal as required by Sec. 5, Art. 8307, Vernon's Ann.Tex. Civ.St.

The facts are not in dispute. They are: On April 25, 1965, the Industrial Accident Board entered a final award on appellee's claim for workmen's compensation benefits. On May 11, 1965, she filed her notice of her intention to appeal from the Board's award. On May 31, 1965, one day after Memorial Day, at approximately 8:15 A.M., appellee's counsel personally deposited at the United States Post Office in Austin, Texas, an envelope containing appellee's original petition in this suit. The envelope, postage prepaid, was marked special delivery and was properly addressed to the District Clerk of Comal County, New Braunfels, Texas. Attached to the petition was a letter requesting it to be filed immediately upon receipt.

Prior to depositing the letter, appellee's counsel had discovered that the State offices and the District Clerk's office in Austin were closed on May 31, 1965. At approximately 8:00 A.M. appellee's counsel attempted to telephone the District Clerk of Comal County, however, he received no answer when the call was placed.

Richard Philebar, Superintendent of Mails in New Braunfels, testified that in the normal course of events a letter mailed in Austin, Texas before approximately 10:30 A.M., would arrive in New Braunfels at 12:29 P.M. on the same day and will be delivered within 2 hours from the time of its arrival. Appellee's counsel had previously had similar mail delivered to the District Clerk of Comal County at New Braunfels on the same day it was mailed in Austin. It was stipulated that the District Clerk of Comal County did not have any post office box and that the District Clerk's mail was delivered directly to the Clerk's office. Mr. Philebar further testified that if he had heard over the radio or seen in the newspaper that the District Clerk's office was going to be closed on a particular day, his office would make no attempt to deliver mail on that date; without such notice the post office would have delivered the mail. Mr. Philebar could not remember whether or not he thought the Clerk's office was closed on May 31, 1965.

It was stipulated that although the District Clerk's office was open on May 31, 1965, the Clerk received no mail on that day and the envelope containing appellee's original petition was not delivered to the Clerk's office until the next day, June 1, 1965, at 9:15 A.M. The petition was filed immediately upon receipt thereof at 9:20 A.M., June 1, 1965.

It is conceded by appellee that her petition was filed one day late. It is her position, however, that by depositing her original petition in the mail at a time when in the normal course of events, the petition would have been filed within 20 days from the date notice of intention to appeal was given, appellee has substantially

complied with the provisions of Art. 8307, Sec. 5, under the well established rule that the workmen's compensation laws should be liberally construed in favor of the claimant.

We are unable to agree with this position.

The requirement of Sec. 5, supra, that suit be filed within twenty days after giving notice of intention to appeal is jurisdictional. Richards v. Consolidated Underwriters, 411 S.W.2d 436, Tex.Civ. App., Beaumont, writ ref.

The rule of liberality contended for by appellee, does not warrant our interpretation contrary to the plain, unambiguous wording of the statute. Second Injury Fund v. Keaton, 162 Tex. 250, 345 S.W.2d 711. The portion of Sec. 5 with which we are here concerned is plain, unambiguous and not subject to construction.

As the court stated in Roberts v. Ohio Casualty Insurance Company, 256 F.2d 35, U.S. Court of Appeals, 5th Circuit, 68 A.L.R.2d 747, "Litigants cannot trifle with Art. 8307, Section 5. It goes beyond the ordinary statutes of limitations. Its requirements are jurisdictional."

We will briefly discuss the cases upon which appellee relies.

Pacific Indemnity Co. v. Woodall, 253 S.W.2d 490, Tex.Civ.App., Fort Worth, writ ref., holds that the Workmen's Compensation Act should be liberally construed in the employee's favor, particularly as to the technical and procedural provisions of the Act. We agree. However, as stated, the provision of the Act before us is not subject to construction and it is not technical. It is jurisdictional.

Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137, held that the court would liberally construe notices and claims given under the Act to determine their sufficiency.

Tate v. Standard Accident Ins. Co., 32 S.W.2d 932, Tex.Civ.App., Beaumont, writ ref., holds that notice to the Industrial Accident Board of an employee's intention to appeal from an award was timely when sent by registered mail and notice of its receipt was placed in mail box of the Board within the time allowed although not called for until after the time had elapsed. The Court stated that the failure of the Board to receive notice was not due to any fault of the employee but was " * * * solely because of the absence of the entire board and its office force from its office * * *."

This case is inapplicable here for the reason that the District Clerk's office was open on the last day for filing and the Clerk did not have any control over or access to the petition which was under the exclusive control of the United States mail. It was not the fault of the District Clerk that appellee's petition was not timely received or filed. In point here adversely to appellee is Taylor v. Royal Indemnity Company, 276 S.W.2d 412, Tex.Civ.App., Galveston, n. w. h.

In Texas Indemnity Ins. Co. v. Williamson, Tex.Civ.App., El Paso, writ dismissed, opinions on former appeal found in 59 S. W.2d 232, and in 127 Tex. 71, 90 S.W.2d 1088, it was held (59 S.W.2d) that the evidence sustained a finding that an employee's petition was received for filing by the District Clerk within the time allowed and that the petition was considered as filed as of such time. A similar fact issue was before the court in Kirby v. Travelers Ins. Co., 370 S.W.2d 912, Tex.Civ.App., Beaumont, writ ref., n. r. e. There is no fact issue before us as to whether appellee's petition was timely received by the District Clerk.

In Travelers Ins. Co. v. Johnson, 131 S.W.2d 242, Tex.Civ.App., Beaumont, writ dismissed, correct judgment, it was held a notice of intention to appeal received by the post office in Austin on the 19th day and made available to the Board at such time was to be considered as received and filed by the Board as of such time. This,

in effect, is the same holding as made in Tate, supra. It is not applicable here.

The last supporting authority cited by appellee is Travelers Ins. Co. v. Machann, 188 F.2d 828 (5th Circuit), dissenting opinion 190 F.2d 84, in which an erroneous timely filing with the county clerk rather than with the district clerk was sustained as timely under what the court deemed to be the liberal rule of construction by the Texas Courts of the Workmen's Compensation Act. This holding is clearly inconsistent with Texas law as noted in the dissenting opinion. Furthermore, the facts of that case are not comparable to the facts of this case.

There is no basis for us to hold that the mandatory and jurisdictional requirement of Section 5, supra, that suit be filed within twenty days after giving notice of intention to appeal be disregarded in this case. Accordingly, we reverse the judgment of the Trial Court and render judgment dismissing appellee's suit.

Reversed and rendered.