## TEXAS EMPLOYERS' INS. ASS'N v. NUNAMAKER et al. (No. 9613.)

(Court of Civil Appeals of Texas. Dallas. Nov. 7, 1925. Rehearing Denied Dec. 5, 1925.)

1. **Master and servant** &#8258;391½, New, vol. 7A Key-No. Series—Insurer's suit to set aside award brought in court without jurisdiction held no bar to employé's suit to recover award with penalty.

A suit in county court of law by insurer to set aside an award of $638.17 of Industrial Accident Board is not brought in court of competent jurisdiction, as required by Employers' Liability Act, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), and forms no defense to suit by employé under section 5a (article 5246—45), to recover award plus damages, though brought pending appeal on insurer's suit to set aside award; the rule that judgment pending appeal is not final and will not support an action based thereon not being applicable.

2. **Master and servant** &#8258;391½, New, vol. 7A Key-No. Series—Insurer, to avoid penalties, must pay award or bring suit in court of competent jurisdiction.

Insurer, to avoid penalties imposed by Employers' Liability Act, § 5a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45), is under a duty, within time provided by statute, to pay employé compensation awarded by final decision of Industrial Board or to bring suit under section 5 (article 5246—44) in court of competent jurisdiction to set aside award.

---

**3. Master and servant** ⊜⟶391½, New, vol. 7A Key-No. Series—Purpose of provision imposing penalties is to encourage prompt payment of award.

The purpose of Employers' Liability Act, § 5a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45), providing for penalties for failure or refusal of insurer to pay final award of Industrial Board, is to encourage prompt payment of award, and compensate employé for damages suffered by employer's failure to pay.

**4. Master and servant** ⊜⟶391½, New, vol. 7A Key-No. Series—Insurer bringing suit to set aside award in court without jurisdiction cannot avoid penalties by good faith.

Insurer is conclusively presumed to know facts determining jurisdiction in suit under Employers' Liability Act, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), to set aside final award of Industrial Board, and hence insurer bringing suit in court without jurisdiction cannot avoid imposition of penalties prescribed by section 5a (article 5246—45) by fact that suit to set aside award was brought in good faith.

**5. Master and servant** ⊜⟶417(4½) — Insurer's suit to set aside award should set out enough of board's proceedings to show extent of employé's claim.

Suit by insurer, under Employers' Liability Act, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), to set aside final award of Industrial Board, is in effect an appeal from decision of board, or in all events a continuation of proceedings before board, and insurer should make sufficient allegations in regard to proceedings before board to illustrate nature and extent of employé's claim, which would show amount in controversy and court in which to file suit.

**6. Master and servant** ⊜⟶391¼, New, vol. 10A Key-No. Series—Tender of award without interest not legal tender.

A tender by insurer of amount of award of Industrial Board without interest is not a legal tender, and is no bar to imposition of penalties under Employers' Liability Act, § 5a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45), for failure to pay award.

**7. Master and servant** ⊜⟶391½, New, vol. 7A Key-No. Series—Evidence of value of services by employé's attorney in defending insurer's suit to set aside award held inadmissible.

In suit by employé on award, and for penalties under Employers' Liability Act, § 5a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45), it was error to admit evidence in regard to services rendered by employé's attorney in defending suit by insurer to set aside award brought in court without jurisdiction, since statute allowing attorney fees refers to no other litigation than collection of final award of Industrial Board.

**8. Master and servant** ⊜⟶420—Fees of employé's attorney paid from amount of award.

Under Employers' Liability Act, §§ 7c, 7d (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—12, 5246—13), ample provision is made for payment of attorney fees for services rendered in prosecution of claims by employé before Industrial Board, as well as suits brought in court to set aside award, but in such events fee is to be paid by claimant from amount of award.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by I. A. Nunamaker and another against the Texas Employers' Insurance Association. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with directions.

Lawther, Pope, Leachman & Lawther, of Dallas, for appellant.

John White, of Dallas, for appellees.

LOONEY, J. I. A. Nunamaker and his attorney John White sued the Texas Employers' Insurance Association to recover the amount of compensation awarded him by the final order of the Industrial Accident Board, together with 12 per cent. damages and a reasonable attorney's fee. The case was tried by the judge without the intervention of a jury, and resulted in favor of plaintiffs. The association has appealed.

It appears that Nunamaker, while in the service of Lincoln Ice & Cold Storage Company, a subscriber to the Texas Employers' Insurance Association, was injured in the course of his employment. He filed claim for compensation with the Industrial Accident Board, and, on May 15, 1922, the board, by its final order, after deducting certain credits for previous payments, allowed Nunamaker $637.17 and fixed the fee of John White, his attorney, at 15 per cent. of this amount.

Appellees made no objection to the final decision of the board, but appellant dissented, and, within the time prescribed by statute, gave the notices of dissent and filed suit in the Dallas county court at law to set aside the final ruling and decision of the board.

In November, 1922, the Dallas county court at law sustained a plea urged by appellees to its jurisdiction, and dismissed the suit. The association, the appellant herein, prosecuted an appeal to this court from the judgment of dismissal, and, on the cause being transferred by the Supreme Court to the Tenth Court of Civil Appeals at Waco, was affirmed on October 13, 1924. 267 S. W. 749.

Motion for rehearing was in due time filed by the association, which was on January 8, 1925, overruled by the Waco Court of Civil Appeals, and thereafter, within the time allowed by law, an application for writ of error was made to the Supreme Court, which was by the latter court denied on February 25, 1925, and, on the 18th day of March, 1925, said court overruled the motion for rehearing filed by the association, and thus that litigation finally terminated.

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Pending the appeal of the case just referred to, on, to wit, January 10, 1925, the appellees instituted the instant suit. On submission, the trial judge gave appellees judgment for the amount of the award with interest, and, as penalties for the failure of appellant to comply with the final order of the board, awarded 12 per cent. damages and $400 as a reasonable attorney's fee.

Appellant contends that the judgment for 12 per cent. damages and attorney's fee is erroneous. The proposition urged is that this suit could not lie upon the order of the Industrial Accident Board for the recovery of the award with penalties and attorney's fee, unless the appellant had failed and refused to obey and comply with this order, or failed to bring suit to set same aside. Appellant insists that it complied with the statute, in that it filed a suit in the county court at law of Dallas county to set aside the final ruling and decision of the board, and, although this court was without jurisdiction, that the final adjudication of that fact was not reached until the Supreme Court overruled its motion for rehearing on March 18, 1925, after which time appellant claims that it tendered to appellees the amount of the award.

In this connection appellant makes the further contention that this suit, instituted on January 10, 1925, was prematurely brought and should have been abated on the motion urged by it for that purpose, for the reason that it was brought pending the appeal of the suit instituted to set aside the award of the board, and that, until the Supreme Court finally acted on its motion for rehearing, the decision of the board was in suspense and was deprived of that finality of character necessary to support this action.

[1] The suit brought by appellant to set aside the award of the board was filed within the time prescribed by the statute, but it was not brought in a court of competent jurisdiction.

The statute provided (section 5 of the Employers' Liability Act [article 5246—44, Vernon's 1918 Supplement]), that:

"* * * Any interested party who is not wiling and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided. * * * "

In section 5a (article 5246—45) it is further provided:

"In all cases where the board shall make a final order, ruling or decision as provided in the foregoing section 5 (art. 5246—44) hereof, and against the association, and the association shall fail and refuse to obey or comply with the same and shall fail or refuse to bring suit to set the same aside as in said section 5 is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section 5 may bring suit in some court of competent jurisdiction where the injury occurred, upon said order, ruling or decision, and if he secures a judgment in said court sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent. as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim. * * * "

[2, 3] We cannot adopt the view of appellant. We recognize the general rule stated, to the effect that a judgment pending appeal is lacking in finality and will not support an action based thereon (Texas Trunk Ry. Co. v. Jackson, 85 Tex. 605, 608, 22 S. W. 1030; Waples-Platter Gro. Co. v. T. & P. Ry. Co., 95 Tex. 486, 489, 68 S. W. 265, 59 L. R. A. 353; Cunningham v. Holt, 12 Tex. Civ. App. 150, 33 S. W. 981, 982; Dodson v. Warren Hdwe. Co. [Tex. Civ. App.] 162 S. W. 952, 954), but, in our opinion, the rule has no application to the case under consideration. The statute in question is mandatory. It was the imperative duty of appellant, within the time provided by the statute, to either pay to appellees the amount of compensation awarded by the final decision of the board, or bring suit in a court of competent jurisdiction to set the same aside. Appellant did neither. The bringing of the suit in the county court at law, a court without jurisdiction of the controversy, was as though no suit at all was brought, was not in compliance with the statute, and the bringing of the same cannot shield appellant from the imposition of penalties for its failure to obey the final decision of the board. One of the ruling purposes of the Employers' Liability Act is that employés of subscribers may be promptly compensated for loss sustained by reason of injuries received in the course of their services. This is accomplished by allowances for medical aid, hospital services, medicines, and the payment of weekly or lump sum benefits, based on the nature and extent of the injury, and measured by the prior average weekly wages of such employé. The scheme of settlement furnished by the statute is based on the assumption that the employé is dependent on his personal daily labor for a livelihood, and that in this situation his condition demands frequent and prompt payment of the benefits. The provision for penalties for failure or refusal on the part of the association to obey the final decision of the board (that is to say, 12 per cent. of the amount of the award as damages and a reasonable attorney's fee allowed for the services of an attorney to collect the award) is to encourage prompt

payment of the amount allowed to the injured employé or beneficiary, and, in case of failure, to repair whatever incidental damage that may have resulted to the claimant by reason of the failure to comply with the decision.

[4] Appellant is in no position to claim that, although the suit brought by it to set aside the decision of the Industrial Accident Board was filed in a court without jurisdiction, nevertheless it was brought in good faith, and therefore the penalties should not have been imposed. The inconvenience and injury suffered by the claimant by reason of the delay incident to the pendency of the suit is just as real, whether the suit was mistakenly brought in good faith or otherwise. If the association could, with impunity, postpone its obedience to the final decision of the board under such an excuse, the remedial provisions of the law in the respects mentioned would be easily nullified.

[5] The suit brought to set aside the final decision of the Industrial Accident Board was, in effect, an appeal from the decision of the board, or at all events was based upon and was a continuation of the proceedings before the board that resulted in the rendition of the decision appellant was seeking by its suit in the county court at law to nullify. Appellant is conclusively presumed to have had cognizance of every essential fact that determined the question of jurisdiction; hence it will not be permitted, in order to avoid the imposition of the penalties prescribed by the act, to hide behind the mistake made in choosing a court of incompetent jurisdiction. In fact, appellant, in the suit filed to set aside the decision of the board, should have made sufficient allegations in regard to the proceedings before the board to illustrate the nature and extent of the claim of appellees, which would have infallibly shown the amount in controversy and pointed unerringly to the court in which to file the suit.

[6] The tender made by appellant, if it can be regarded as a legal tender in other respects, was lacking in adequacy, in that the tender only included the naked amount of the award without interest. Appellee was entitled to 6 per cent. interest per annum on the amount of the award from the 15th day of May, 1922, the date of the final decision. U. S. Fid. Co. v. Parsons (Tex. Civ. App.) 226 S. W. 418, 421; Home Life, etc., Co. v. Orchard (Tex. Civ. App.) 227 S. W. 705, 708.

We therefore overrule the contentions of appellant involved in the above discussion.

[7] Appellant makes the further contention that the trial court erred in admitting evidence over its objections in regard to services rendered by the attorney for Nunamaker, not only in prosecuting the instant suit for the collection of the amount of the award, but also for services rendered by said attorney in defending the suit brought by appellant to set aside the award. In our judgment this contention is well taken. As shown by bills of exceptions, the court permitted appellees to prove by a number of practicing attorneys, who qualified as experts, the amount they considered a reasonable attorney's fee for the services of an attorney in prosecuting and collecting the award in the instant case, as well as for the services rendered in the trial and appellate courts, in defense of the suit brought by appellants to set aside the award of the board. This was clearly error. The statute (article 5246—45) that authorizes the collection of a reasonable attorney's fee as a penalty for failure to comply with the final order of the board limits it to "a reasonable attorney's fee for the prosecution and collection of such claims" (that is to say, the collection of the award made by the board in its final decision), and has reference to no other litigation.

[8] The error of the court in admitting this evidence is further shown by the fact that the Employers' Liability Act makes ample provision for paying for the services of an attorney rendered before the board in behalf of the claimant, as well as for services rendered in any suit brought to set aside its final decision. In such events, however, the fee of the attorney is to be paid out of the amount recovered by the claimant and in no event is it to be paid by the subscriber.

Section 7c (article 5246—12) provides that a fee may be allowed the attorney of the claimant for services rendered in prosecuting the claim before the board, not exceeding 15 per cent. of the amount of the first $1,000, or fraction thereof, recovered, nor to exceed 10 per cent. of the excess of such recovery, if any, over $1,000, in addition to the reasonable expenses incurred by the attorney in the preparation and presentation of said claim before the board. And, in section 7d (article 5246—13) it is made lawful for the attorney representing the interest of the claimant in a suit instituted to set aside the award of the board to contract with any beneficiary for a fee not to exceed one-third of the amount recovered. Thus we see that the law makes ample provision for the payment of attorney fees for services rendered in the prosecution of claims before the board, as well as in suits brought in the court to set aside the award of the board, but in these events such fee is to be borne by the claimant and paid from the amount of the award.

Because of this error, the cause will be reversed and remanded, for further proceedings in harmony with the views here expressed.

Reversed and remanded.