## TEXAS EMPLOYERS' INS. ASS'N v. COOK et al.

No. 1291.

Court of Civil Appeals of Texas. Waco.

Dec. 8, 1932.

Lawther, Cox & Cramer, of Dallas, for appellant.

L. W. Shepperd, of Groesbeck, and H. L. Kidd, of Mexia, for appellees.

BARCUS, J.

On January 15, 1932, the Industrial Accident Board made its award against appellant in favor of appellees for compensation for alleged injuries. On February 2, 1932, appellant notified the Industrial Accident Board of its unwillingness to abide by said award. On February 19, 1932, appellant, by registered mail, sent to the district clerk of Limestone county its original petition to set aside said award. It reached Groesbeck on Saturday afternoon the 20th. By reason of no mail being delivered Saturday afternoon and Sunday, the 21st and Monday, the 22d of February being holidays, the mail was not delivered until the morning of February 23d. which was the twenty-first day after appel-

lant had given the Industrial Accident Board notice of its unwillingness to abide by said award. Appellees filed their motion to dismiss the cause, for the reason that the suit was not filed within the statutory period of twenty days provided by section 5 of article 8307 of the Revised Statutes, as amended by Acts 1931, c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5). The trial court sustained said plea and dismissed the cause.

■ Section 5, article 8307 of the Revised Statutes, as amended, provides that any party, to an award made by the Industrial Accident Board, if dissatisfied, shall, within twenty days after the award, give notice to the board that he will not abide by said award, "and he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside final ruling and decision. * * * If any party to any such final ruling and decision of the Board. after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto." Our courts in construing said statute have held that same is jurisdictional, and, unless the suit is filed within said twenty days, the trial court does not obtain jurisdiction thereof. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Washington v. Travelers' Ins. Co. (Tex. Com. App.) 290 S. W. 738.

■ Article 1971 of the Revised Statutes provides that a civil suit in the district court shall be commenced by petition filed in the office of the clerk. Unquestionably under said statute a suit is not instituted until and unless the petition is actually filed with the clerk of the court. The appellant contends that the petition was filed within the statutory time, since it was placed in the mail properly addressed in sufficient time for it to have reached the clerk of the district court within the twenty-day period, and that it should not be charged with the delay since Monday the 22d of February was a legal holiday. Almost this identical question was decided adversely to appellant's contention, by the Supreme Court in the case of Long v. Martin, 112 Tex. 365, 247 S. W. 827. In the Long v. Martin Case, the Supreme Court, under article 1742 of the Revised Statutes, held that an application for writ of error must be actually filed with the clerk of the Court of Civil Appeals within thirty days after the motion for rehearing was overruled, and stated that, since the parties had selected the express company as their vehicle, same became their agent, and, if a delay occurred which prevented the package reaching its destination within the statutory period, it was the fault of the sender rather than the receiver thereof. The language used in article 1742, Revised Statutes, relative to filing an application for writ of error, is almost identical with that used in section 5, article 8307, with reference to the time within which suit must be brought in an appeal from the award made by the Industrial Accident Board. In the case at bar, appellant having selected the United States mail as its vehicle, it became appellant's agent, and appellant was bound thereby. Since appellant did not actually file its petition with the clerk of the court within twenty days after it gave notice that it would not abide by the award made by the Industrial Accident Board, the district court did not acquire jurisdiction thereof.

The judgment of the trial court is affirmed.