## TRAVELERS INS. CO. v. JOHNSON.
### No. 3442.

Court of Civil Appeals of Texas. Beaumont.
June 8, 1939.

Rehearing Denied June 28, 1939.

Pipkin & Pipkin, of Beaumont, for appellant.

Glenn Faver, of Jasper, and J. Austin Barnes, of Beaumont, for appellee.

COMBS, Justice.

This is a compensation case. Brookshire Brothers, operating a grocery store in the town of Jasper, was the employer, C. E. Johnson was the injured employee, and appellant, the Travelers Insurance Company, was the compensation insurance carrier. Under the findings of the jury, appellee sustained injuries on March 23, 1937, while in the course of his employment as a meatcutter and clerk, from which he is totally and permanently incapacitated. While certain matters relating to appellee's injuries and the extent thereof were contested issues in the trial court, the jury's findings of total and permanent incapacity were so well supported by the evidence that appellant does not urge any assignment against the sufficiency of the evidence on those issues.

Appellant's first nine propositions all relate to its contention that the trial court was without jurisdiction of this cause for the reason that appellee, who was plaintiff, did not give notice within 20 days of his intention to appeal from the judgment

of the Industrial Accident Board. Appellant preserved the point in the trial court by a plea in abatement, a motion to dismiss and a motion for an instructed verdict at the conclusion of the evidence, all of which motions and plea were overruled by the trial court. The facts relating to the issue may be summarized as follows:

The order of the Industrial Accident Board, from which plaintiff appealed, was entered July 19, 1937. The last day on which notice of intention to appeal could have been filed with the Board and lie within a 20 day period after entry of the order, was Sunday, August 8, 1937. Plaintiff's attorney wrote and mailed the notice early in the afternoon of Friday, August 6, 1937. The proof shows that in due course of the mail a letter so mailed would arrive in Austin either at 5:30 A. M. or at 1:30 P. M. on the following day, Saturday, depending on whether it was routed through Houston or via. the northern route. The Austin post office does not make local delivery of mail by carrier on Saturday afternoons and Sundays. The proof shows that at the time in question all mail arriving at the Austin post office addressed to the Industrial Accident Board, after 10:30 A. M. on Saturday up until 7 A. M. Monday, would be delivered by carrier to the Board at its office in the State Office Building on the 8 A. M. delivery Monday morninng. Plaintiff's notice of intention to appeal was marked or stamped by the Industrial Accident Board as filed Monday morning, August 9th, at 9 A. M. The proof shows that the Industrial Accident Board was accustomed to receive its mail by having it delivered at its office by the local mail carrier. It did not maintain a box for the receipt of mail at the post office. However, testimony of the postal employees showed that as mail for the Industrial Accident Board was received at the post office it was sorted and placed in a box or receptacle along with other State mail going to the same building awaiting delivery. Mr. Collins, who was secretary of the Industrial Accident Board at the time in question, testified that the office of the Industrial Accident Board was closed on Saturday afternoon and Sunday in conformity with its custom and there was no one present at the office to receive mail, except there was one employee on duty at the office on Saturday afternoon. He testified further:

"Q. Now if the Board or its office force had remained on duty Saturday afternoon, August 7, 1937, or on Sunday, August 8, 1937, would they have obtained and receipted all mail then in Austin addressed to the Board? ·A. It is my opinion that had the Board's mail been called for by someone with authority to receive the same on Saturday afternoon or Sunday, that same would have been delivered such person by the post office department."

He further testified:

"Q. On Saturday, August 7, 1937, the Industrial Accident Board closed its office at noon did they or did they not? A. The office was closed in conformity with its custom.

"Q. Is late mail, or any part thereof, ever left over until the following day for opening? A. Sometimes, especially on Saturday.

"Q. Was first mail on Monday, August 9, 1937, Monday's mail, or was it Saturday's and Sunday's mail? A. I feel sure it was Saturday afternoon's and Sunday's mail."

He further testified:

"Q. Wasn't it often the case that mail and notices of appeal arriving late Saturday were placed in the Board's offices Saturday and then not stamped as received until Monday morning? A. That is correct."

He further stated that in such case the notice was stamped as of Saturday. He said also that it was not the custom of the Industrial Accident Board to call for its mail at the post office on Saturday afternoons; that in more than four years of service as secretary of the Board, he had never known that to be done. Mr. Collins' testimony on the point involved was corroborated by several other witnesses, and was in no wise disputed. The jury found, among other things, that the notice was received in Austin at 1:30 P. M. August 7th; that it was then placed where it was available to the Board, that it could have been received and marked received by the Board on August 7, 1937, that it could have been received by the Board on August 8, 1937, but that it actually came into possession of the Board on the day stamped, that is August 9, 1937. All findings have support.

With the exception of some assignments complaining of the form of the issues submitting temporary and partial incapacity, which we will notice in the course of the opinion, the contention that the notice of intention to appeal from the award of the

Industrial Accident Board was filed too late, presents the only question for decision.

### Opinion.

■ Without any extended discussion, we overrule appellant's assignments complaining of the form of the issue submitting partial incapacity and temporary incapacity. Suffice to say that the issues as framed placed the burden of proof on the plaintiff to establish that he did not suffer partial or temporary incapacity. That the issues as framed in this case were not erroneous is thoroughly established by the decisions of our courts. Wright v. Traders & General Ins. Co., Tex.Com.App., 123 S.W.2d 314; Traders & General Ins. Co. v. Porter, Tex.Civ.App., 124 S.W.2d 900; National Indemnity Underwriters v. Cherry, Tex.Civ.App., 110 S.W.2d 115.

■ We also overrule appellant's contention that the notice of intention to appeal was filed too late with the Industrial Accident Board. We think the notice was timely filed for two reasons:

(1) The notice was received at the post office in Austin on Saturday, the 19th day after entry of the order, at 1:30 P. M. and at that time was made available to the Industrial Accident Board. It should be considered as having been delivered to the Industrial Accident Board, and hence as filed as of that time. Tate v. Standard Accident Ins. Co., Tex.Civ.App., 32 S.W.2d 932, writ refused. The facts of the instant case present a stronger case for the appellee than did the facts in the Tate case, supra. In that case the notice was sent by registered mail and was not placed in the mail box of the Industrial Accident Board, but only a notice that such a letter was held for the Board was placed in the box. It was not actually received and filed by the Board until five days after expiration of the 20 day period, due to the fact the Board's office was closed for the Christmas holidays. Under the holding in that case it cannot be questioned that appellee's notice of intention to appeal in this case was filed in time.

■ (2) Even if it should be held that appellee's notice was not actually received by the Industrial Accident Board in time nevertheless, under the facts of this case, it should be held that the trial court had jurisdiction. It is our view that when a party desiring to appeal from an order of the Industrial Accident Board proceeds with due diligence to do so, by mailing his notice in the usual and customary manner in ample time for it to be received and filed by the Industrial Accident Board in due course of the mail, and when by reason of circumstances beyond his control and without fault on his part the notice is not actually filed by the Industrial Accident Board within the 20 days, he should not be charged with the delay in delivery so occasioned by the fault of others or by reason of matters lying beyond his control. Tate v. Standard Accident Ins. Co., supra. We think the following cases support this proposition in principle: Federal Surety Co. v. Ragle, Tex.Com.App., 40 S.W.2d 63; Harris v. Texas Employers' Ins. Ass'n, Tex. Civ.App., 257 S.W. 998, 1001. Before the statute relative to notice was amended, Vernon's Ann.Civ.St. art. 8307, § 5, it was required that notice be given to the adverse party and to the Board within 20 days after the final award. In the Harris case, supra, the insurance company appealed from the award but was unable to locate the adverse party and obtain service of notice upon him within the 20 days, and it was there held that the insurance company's right to appeal was not lost by failure to give notice of intention to appeal. This for the reason that it had exercised due diligence in attempting to give the notice and its failure to accomplish service was not chargeable to its neglect. The holding is founded in reason and common sense. As remarked by Judge Vaughn in that case: "Certainly valuable legal rights were never intended to be made by the law to depend upon the performance of an act which could not be accomplished under that degree of care and diligence exercised by a person of ordinary prudence under like or similar circumstances."

■ It is common knowledge that claimants of compensation insurance before the Industrial Accident Board live in various parts of the state, hundreds of miles from the office of the Board in Austin. It is the universal custom for notices of intention to appeal to be given by mailing the notices to the Board. Persons giving notice in that manner have a right to expect that a notice so mailed will be transmitted by the postal authorities and delivered to and received by the Industrial Accident Board in due course of the mails. It would be unreasonable and unjust to hold a party responsible for failure of postal authorities, through mistake or accident, to deliver the notice or for the

acts of the Industrial Accident Board in failing to facilitate prompt receipt of it. To hold here that appellee should be denied compensation for his injury simply because the Industrial Accident Board did not make provision for prompt delivery of his notice timely mailed, would be wholly out of keeping with the spirit of the Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., which is a remedial statute which should be liberally construed with a view to accomplish its humane purpose and to promote justice. Federal Surety Co. v. Ragle, supra.

The judgment of the trial court is affirmed.