AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,

v.

Vida Ree BOX et al., Appellees.

No. 889.

Court of Civil Appeals of Texas, Tyler.

Dec. 11, 1975.

Rehearing Denied Jan. 8, 1976.

Kenzy D. Hallmark, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellant.

William A. Badders, Badders & Keeling, Nacogdoches, for appellees.

MOORE, Justice.

This is an appeal by an insurance company from a judgment maturing the award of the Industrial Accident Board and awarding the insureds certain workmen's compensation benefits, together with a 12% attorney's fees. Appellee, Vida Ree Box, et al., brought suit against appellant, American Motorists Insurance Company, under the provisions of Article 8307, Vernon's Ann. Texas Statutes,[1] to mature an award of the

---

1. Article 8307, Section 5, states that: " * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, * * * "

Industrial Accident Board by which she and her daughter were awarded certain workmen's compensation benefits as a result of the death of her husband, Edward Curtis Box. She alleged that since neither party appealed from the award, the award became final and binding and the insurance company had failed and refused to pay the award. Her prayer was for judgment for the amount of the award, together with a 12% penalty and reasonable attorney's fees. After the insurance company had answered, appellees filed a motion for partial summary judgment covering all issues except attorney fees. After a hearing, the trial court awarded appellee a partial summary judgment finding that appellees were entitled to judgment maturing the Board's award. Thereafter, the issue of the amount of a reasonable attorney's fees was submitted to a jury and the jury returned a verdict of $3,750.00. The trial court rendered judgment in favor of appellees for the amount of benefits awarded by the Industrial Accident Board, together with a 12% penalty and attorney's fees in the amount of $3,750.00. After its motion for new trial had been overruled, appellant perfected this appeal.

Before discussing appellant's points of error, we will undertake to state, in chronological order, the history of this litigation. The record reveals that appellee's husband, Edward Curtis Box, suffered an electrical shock while in the course and scope of his employment with International Paper Company. While hospitalized as a result of the shock, he suffered a heart attack and died. As a result a claim was filed with the Industrial Accident Board and on April 10,

1974, the Board made and entered its final ruling, decision and award, awarding appellees certain compensation benefits. Thereafter, the insurance company filed written notice of its intent to appeal from the Board's award. On May 28, 1974, some 13 days beyond the 20-day limit for filing suit, the insurance company filed suit in the District Court of Nacogdoches County, in Cause No. 15603–74–5 seeking to set aside the award of the Board. Although filed some thirteen days late, the petition alleged no excuse for the late filing. Appellees answered the suit with a sworn plea alleging the court was without jurisdiction in that the suit was not timely filed. Appellees also asserted a cross action to mature the award of the Board alleging that since the insurance company failed to timely file suit, the award became final and appellees were entitled to the compensation benefits awarded by the Board.

While the cause was pending on the docket, appellees filed a separate suit in the District Court of Nacogdoches County under Cause No. 15603–74–6 seeking to mature the award of the Industrial Accident Board. Appellees alleged that since the insurance company failed to file suit within 20 days as required by the statute the award became final and as a result they were entitled to judgment for the amount of the award together with 12% penalty and a reasonable attorney's fee. The insurance company answered this suit with a general denial. Appellees then filed a motion for partial summary judgment in their suit to mature the award. On January 10, 1974, the insurance company filed a motion to consolidate Cause No. 15603–74–5 and

Article 8307, Section 5, further provides that: " * * * If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; * * * "

Section 5a of the statute provides that in all cases where the Board shall make a final order, ruling or decision and the insurance company shall fail or refuse to obey the same and shall fail or refuse to bring suit to set the same aside, the claimant may bring suit upon the order ruling or decision. " * * * If he secures a judgment sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim. * * * "

Cause No. 15603–74–6, alleging that "both cases contain identical issues of law and fact" and should be consolidated to avoid a multiplicity of suits. While the motion to consolidate was pending, the insurance company filed an amended answer in appellees' suit to mature the award (Cause No. 15603–74–6) demanding a jury trial on all issues of fact and alleging that if it be found that the insurance company did not timely file its petition in Cause No. 15603–74–5, wherein it sought to vacate the Board's award, that the failure was the result of accident or mistake unaccompanied with any negligence on the part of the insurance company or its attorneys. Appellant alleged in its amended answer that the petition it filed in Cause No. 15603–74–5 was properly addressed and mailed to the District Clerk of Nacogdoches County, that it was deposited in the mail on May 9, 1974, in Lufkin, Texas, and was received by the United States Post Office in Nacogdoches, Texas, on May 13, 1974, but was not delivered to the District Clerk but was held by the United States Postal Service and was eventually returned to its attorney in Lufkin, Texas, on May 29th 1974. Appellant's attorney also answered appellees' motion for partial summary judgment by filing an affidavit in which he stated that he had deposited the insurance company's petition in the mail at Lufkin, Texas, May 9, 1974, properly addressed to the District Clerk of Nacogdoches County, that the letter was returned to him on May 29th 1974, with a notation thereon "unclaimed—return to sender" and also a notation "postage due ten cents" and that no postage was actually due on the letter. He further stated that the letter containing the petition was never received by the District Clerk of Nacogdoches County and was returned to him after the deadline for filing the petition in court had passed, and that the reason for the late filing was the result of accident or mistake of the postal official and not the negligence of appellant's attorney. In support of their motion for partial summary judgment, appellees filed an affidavit made by the District Clerk of Nacogdoches County in which he stated that the insurance company's petition was not received by him until May 28, 1974. He stated that he received no notification from the postal authorities that any mail was being held for him during the period of May 9, 1974, through May 15, 1974. He further stated he personally called for, and picked up, his mail each morning at the post office in Nacogdoches during such period of time and found no letter containing appellant's petition.

On January 31, 1974, appellant filed a plea in abatement in appellees' suit to mature the Board's award (Cause No. 15603–74–6) alleging that appellees' suit was premature and should be abated pending final disposition of appellees' motion to dismiss the insurance company's suit in Cause No. 15603–74–5 on the ground that the insurance company failed to timely perfect its appeal from the award of the Board.

With the two causes of action resting on the docket in the foregoing posture, the trial court granted the appellant's motion to consolidate and entered an order consolidating all issues of law and fact into a new cause number, being No. 15627–74–6 which suit is the basis of this appeal.

After the consolidation the court proceeded to hear appellees' motion for partial summary judgment. After the hearing the trial court rendered an interlocutory partial summary judgment reciting that there was no genuine issue of fact as to the following issues: (1) that American Motorists Insurance Company failed to timely perfect its appeal from the Board's Award of April 10, 1974, (2) the right of Petitioners to have the Award of the Industrial Accident Board entered on April 10, 1974, enforced; and (3) the rights of Petitioners to be awarded interest, penalty and attorney fees, in accordance with Article 8307, Section 5a of Vernon's Annotated Civil Statutes. After a trial before a jury upon the issue of reasonable attorney's fees, the trial court entered a final judgment maturing the award of the board and awarding appellees 12% damages and the sum of $3,750.00 for attorney fees.

■ By points one and two appellant urges that the trial court erred in granting a partial summary judgment for the reason that under the doctrine of equity, a fact issue existed as to whether its suit appealing from the award of the Board was timely filed. While conceding that the petition was not timely delivered to the District Clerk of Nacogdoches County, appellant argues the issue of whether the court acquired jurisdiction should not be determined on whether it failed to file within 20-calendar days, but should be determined on the issue of whether the facts constitute an excuse for its failure to file suit within 20 days as provided by the statute. We cannot agree with this proposition.

Rule 22, Texas Rules of Civil Procedure, provides that a suit in the District Court shall be commenced by a petition filed in the office of the Clerk.

By well settled judicial interpretation of Article 8307, Sec. 5, the jurisdiction of the trial court to hear and determine appellant's suit appealing from the award of the Board, depends on appellant's having filed its suit in the District Court of Nacogdoches County within 20 days after giving notice of appeal from the award of the Board. *Clawson v. Texas Employer's Ins. Ass'n.,* 475 S.W.2d 735, 738 (Tex.1972); *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926).

■ Appellant takes the position that its petition appealing from the Board's award should be deemed to have been filed within the statutory time, since it was placed in the mail properly addressed in sufficient time for it to have reached the Clerk of the District Court within the 20-day period, and that appellant should not be charged with the delay caused by negligence on the part of the postal official. This identical question has been before the courts of this state on several occasions and has been decided adversely to appellant's contention. The courts have held that where a party selects the mail as his vehicle for delivery, same becomes his agent, and, if a delay occurs which prevents delivery at its destination within the time allowed by statute, it is the fault of the sender rather than the receiver thereof.

Appellant having selected the United States mail as its vehicle, it became appellant's agent, and therefore, appellant was bound by the postal authorities' failure to deliver the letter within the 20-day period allowed by the statute. *Long v. Martin,* 112 Tex. 365, 247 S.W. 827 (1923); *American General Insurance Co. v. Kohn,* 425 S.W.2d 688, 690 (Tex.Civ.App.—Austin 1968, no writ); *Texas Employer's Ins. Ass'n v. Cook,* 55 S.W.2d 205, 206 (Tex.Civ.App.—Waco 1932, no writ). See also *Yancy v. Texas General Indemnity Company,* 425 S.W.2d 683 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.). Since the summary judgment proof shows that appellant did not file its petition in the District Court within twenty days after it gave notice that it would not abide by the award made by the Industrial Accident Board, the District Court did not, as a matter of law, acquire jurisdiction thereof. *Richards v. Consolidated Underwriters,* 411 S.W.2d 436, 437 (Tex.Civ.App.—Beaumont 1967, writ ref'd).

■ The record shows without dispute that neither party perfected an appeal from the Board's award. Therefore, the award became final and created a debt owed by appellant to appellee. The only issues to be determined in appellee's motion for partial summary judgment to mature the award were whether the award had been paid or whether appellant had justifiable cause for failure to pay and the amount of attorney's fees to be awarded. Appellant does not contend payment was made or that it had justifiable cause for failure to pay. The undisputed summary judgment proof shows that the Board made an award in favor of appellees. Therefore, as a matter of law, the trial court was authorized to enter an interlocutory partial summary judgment in favor of appellees for the amount of the award rendered by the Industrial Accident Board.

By the third, fourth and fifth points appellant contends that the court erred in entering a final judgment based in part on the partial summary judgment for the reasons: (1) that the appellee's motion for partial summary judgment was premature since the issue of jurisdiction had been joined in the first suit filed by appellant in Cause No. 15603–74–5 and a final adjudication on such issue was a condition precedent to appellee's subsequent suit in Cause No. 15603–74–6 to mature the award of the Board, (2) that neither the partial summary judgment, nor the final judgment, disposed of the issues joined in Cause No. 15603–74–5 wherein the insurance company appealed from the award, and (3) that the court erred in overruling its plea in abatement to appellee's suit to mature the award of the Board before the issue of jurisdiction had been determined in the first suit filed by appellant appealing from the award. We overrule the points.

In making this argument appellant apparently overlooks the fact that the trial court, upon appellant's own motion, consolidated all issues of fact and law involved in the appellant's suit attempting to appeal from the Board's award and appellees' suit to mature the award.

After consolidation all issues of law and fact were merged. 3 McDonald, Texas Civil Practice, sec. 10.24.2 (1970 revision). Thereafter, the court was not compelled to rule on the motions or pleas as if two separate cases were involved, but was authorized to carry all pleas and motions along in the consolidated case and rule thereon at the time of entry of final judgment. It must be presumed in support of the judgment that the trial court ruled on all motions and dilatory pleas in a manner favorable to the prevailing party. Points three through five are overruled.

This brings us to appellant's group of points complaining of the submission of Special Issue No. 1, inquiring as to what sum of money would reasonably compensate appellees' attorneys for their legal services. In connection with this issue the court instructed the jury that they might consider, among other things, the following: (a) the nature of the services rendered by the attorneys, (b) the capacity and fitness of the attorneys for the required work, (c) the interest at stake, (d) the benefit derived by the client, and (e) the services rendered by the attorneys and the length of time occupied thereby.

By points six through eight appellant contends the court erred in submitting Special Issue No. 1 on the ground that there was no evidence to support the submission of the issue and also on the ground that the jury's answer thereto was against the overwhelming weight and preponderance of the evidence.

In proving up reasonable attorney's fees, appellees offered the testimony of two attorneys who qualified as experts in the field of workmen's compensation insurance litigation. According to their testimony, a reasonable attorney's fee for the prosecution of appellees' claim to mature the award and defending against the insurance company's attempted appeal would range between $7,500.00 and $12,000.00. Appellant offered no evidence to the contrary. When viewed in a light most favorable to the verdict, we hold that the testimony was of sufficient probative force to sustain the jury's verdict.

After a review of all the evidence relating to reasonable attorneys fees, we find that we cannot agree with appellant's contention that the evidence is factually insufficient, or against the overwhelming weight and preponderance of the evidence. *Trinity Universal Insurance Company v. Farley,* 408 S.W.2d 776 (Tex.Civ.App.—Tyler 1966, no writ). Points six through eight are overruled.

By the ninth and tenth points appellant contends that the court erred in entering a partial summary judgment holding appellees were entitled to collect attorney's fees because a fact issue existed as to whether appellees received any benefits from the efforts of their attorney. Alternatively, ap-

pellant contends the court erred in refusing to submit such an issue to the jury. We find no merit in either contention.

■ The record shows that the same attorneys represented appellees throughout this litigation. They filed suit to mature the Board's award, defended appellant's suit attempting to appeal from the award and obtained a judgment maturing the award of the Board. There is nothing in the record whatever to suggest that appellees received no benefit from their services. As we view the record, the summary judgment proof conclusively shows that appellees received some benefit from the efforts of their attorneys. Hence the record reflects no error in this regard. Points nine and ten are overruled.

Other points complaining of the court's instruction relating to matters which the jury could consider in determining a reasonable attorneys' fee have been examined and found to be without merit. Points eleven through fourteen are overruled.

■ But one thing remains to be considered and that is appellees' counterpoint seeking to invoke the provisions of Rule 438, Texas Rules of Civil Procedure. The rule provides that where the court finds upon appeal that the appeal was taken for delay, the court may assess damages in the amount of 10% of the judgment. While we find the appeal to be without merit, we do not believe we would be justified in holding that the appeal was "taken for delay and that there was no sufficient cause for taking such appeal." Appellees' counterpoint is overruled.

The judgment of the trial court is affirmed.