Gloria WARD, Appellant,

v.

**CHARTER OAK FIRE INSURANCE COMPANY, Appellee.**

No. 19567.

Court of Civil Appeals of Texas, Dallas.

June 30, 1978.

Ralph C. Jones, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

David R. Noteware, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

ROBERTSON, Justice.

This is a worker's compensation case. Gloria Ward appeals from the trial court's judgment sustaining Charter Oak Fire Insurance Company's plea to the jurisdiction and dismissing the cause. The dismissal was based upon Ward's failure to timely file her notice of appeal from a ruling of the Industrial Accident Board. Since we conclude that Ward has not complied with the requirements of the worker's compensation laws, we affirm.

The sole question on this appeal is whether Ward has complied with the provisions of Section 5 of Article 8307, Texas Revised Civil Statutes, which provides, in applicable part:

Any interested party who is not willing and does not consent to abide by the final ruling and decision of [the Industrial Accident Board] shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with the Board notice that he will not abide by said final ruling and decision.

In the present case, the Board entered its award on June 28, 1977, and Ward mailed her notice of appeal to the Board on July 12, 1977. The envelope containing the notice was received in Austin on July 15, 1977, marked "postage due: 11 cents" and returned to the sender. Charter Oak concedes that no postage was actually due, and that the letter was thus erroneously returned. The letter was returned to the offices of Ward's attorneys on July 18, 1977. Again, her attorneys mailed the notice to the Board. The notice was finally received by the Board on July 20, 1977, two days after the expiration of the twenty-day filing period.

Ward argues that she has substantially complied with the requirements of Article 8307 by using due diligence in mailing her notice to the Board a full six days before it was due. She urges that she should not be penalized for the error of the postal authorities in improperly refusing to deliver the letter. In support of this contention, she cites *Tate v. Standard Accident Ins. Co.*, 32 S.W.2d 932 (Tex.Civ.App.—Beaumont 1930, writ ref'd) and *Travelers Ins. Co. v. Johnson*, 131 S.W.2d 242 (Tex.Civ.App.—Beaumont 1939, writ dism'd, jdgmt. cor.), which hold that when an aggrieved party uses reasonable diligence to comply with the timing requirements of Article 8307 by mailing the notification in ample time for it to be received and filed by the Board, the party is not to be charged with any delay in delivery caused by circumstances beyond his control. These decisions were based upon the principle that the worker's compensation laws are to be liberally construed to effectuate the remedies which they grant.

Although Ward's argument is persuasive, it cannot be accepted. In 1938, our supreme court made its last definitive statement on this subject by refusing the writ of error in *Fidelity & Casualty Co. of New York v. Millican*, 115 S.W.2d 464 (Tex.Civ.App.—San Antonio 1938, writ ref'd). In that case, a party mailed his notice of appeal to the Board in time for it to be timely filed; however, the notice was not delivered to the Board until the twentieth day, which was a Sunday. The Board filed the notice the following day. On appeal from a judg-

ment favorable to the claimant, the insurer argued that the trial court lacked jurisdiction to render its judgment because of the claimant's failure to timely file notice of appeal. The San Antonio Court of Civil Appeals agreed, stating:

> The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor; each step in the progress of the maturity of the claim from the time of the injury to its final adjudication is a *mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies.* (115 S.W.2d at 465) (emphasis added)

As we noted above, this holding was specifically approved by our supreme court when the writ of error filed by the claimant was unconditionally refused. This case appears to impliedly overrule the contrary rationale expressed in *Tate v. Standard Accident Ins. Co., supra,* which was decided eight years earlier. Consequently, we must reluctantly follow the rule set forth in *Millican,* although, in our view, that rule is harsh and unjust under the facts here presented and perhaps should be modified.

Moreover, even if *Tate* and *Johnson* can be sufficiently distinguished from *Millican* to avoid invalidation, they still do not control this case. In both cases, the failure of the Board to receive notice was not due to any fault of the claimant, but rather resulted from fault attributable to the *Board.* No such showing is made here. Ward blames the postal authorities for failing to properly deliver the notice. However, since Ward selected the mails as her mode of delivery, the postal authorities became her agent, and she is thus bound by their failure to timely deliver the notice. *American Motorists Ins. Co. v. Box,* 531 S.W.2d 401 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r.

e.). Therefore, we conclude that this case is controlled by the line of cases holding that strict compliance with the timing requirements set forth in art. 8307 is required. *See Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926); *American General Insurance Co. v. Kohn,* 425 S.W.2d 688 (Tex.Civ. App.—Austin 1968, no writ); *Taylor v. Royal Indemnity Co.,* 276 S.W.2d 412 (Tex.Civ. App.—Galveston 1955, no writ); *cf. American. Motorists Ins. Co. v. Box, supra* (late filing of petition).

■ Contrary to Ward's arguments, this timing requirement is not one that can be extended by rule 5 of the Texas Rules of Civil Procedure, for by its terms, that rule only applies to matters "relating to *taking an appeal or writ of error from the trial court to any higher court* . . ." (Emphasis added). Accordingly, this rule is not applicable to proceedings instituted to challenge administrative orders in the trial court. *See Taylor v. Royal Indemnity Co., supra,* at 414 (Hambleton, C. J., concurring).

Since we conclude that, under the authorities, strict compliance with the timing provisions of Article 8307 is required, we must affirm the trial court's dismissal of the cause. This is an extraordinarily harsh result, and one which we do not personally favor. Nevertheless, we are bound by both legislative mandate and supreme court authority on this point, and as an intermediate appellate court, we must defer to their judgment.

Affirmed.

GUITTARD, C. J., not sitting.