The STANDARD FIRE INSURANCE
COMPANY, Appellant,

v.

Christy Jean Wand LaCOKE, Appellee.

No. 8600.

Court of Civil Appeals of Texas,
Texarkana.

Nov. 7, 1978.

Rehearing Denied Dec. 19, 1978.

G. David Westfall, C. Edward Fowler, Jr., Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellant.

Larry D. Morris, Law Office of Windle Turley, P. C., Dallas, for appellee.

HUTCHINSON, Justice.

This litigation arises from a claim for worker's compensation. The Industrial Accident Board on May 7, 1976, rendered its decision awarding the appellee here approximately $21,000.00 on her claim for compensation for job related injuries. On May 14, 1976, appellant filed with the Board its notice that it was not willing to abide by such award, thereby making June 3, 1976, the last day in which to file its petition in the District Court of Dallas County. On June 1, 1976, appellant's counsel dictated and caused to be prepared an appropriate petition seeking to set aside the award of the Board. The signed petition with cover letter and cost deposit was, along with other mailings, placed in a flat brown envelope properly addressed with proper postage af-

fixed and deposited in the postal depository in the lobby of Bryan Tower Building in Dallas, Texas, at 5:00 p. m. on the same day. Such envelope was delivered to the VIM Room located in the Dallas County Records Building on or before June 3, 1976. The VIM Room was maintained by the United States as a place for postal carriers to receive and sort mail for subsequent delivery to the offices of the Dallas County Courthouse complex. The district clerk's office is located in the Dallas County Courthouse which is one block distant from the Dallas County Records Building. The posted open hours for the VIM Room was 7:45 a. m. to 8:15 a. m. and 9:30 a. m. to 10:00 a. m., the postal employee making mail deliveries to the various offices in the Dallas County Courthouse complex from approximately 8:15 a. m. until 9:30 a. m. and again from 10:00 a. m. to 11:00 a. m. during which times the VIM Room was closed and locked. At 11:00 a. m. the room was closed and locked for the day. About two years prior to June of 1976 a deputy district clerk, without the knowledge or consent of the district clerk, began picking up the district clerk's mail at the VIM Room each morning between 5:00 a. m. and 5:30 a. m. and instructed the postal employee not to make the after 10:00 a. m. delivery and to hold mail received after the first delivery until the next morning. Appellant's original petition was received in the district clerk's office in the courthouse and file-marked at 7:51 a. m. on June 4, 1976.

The trial court ordered that a separate trial first be had on appellee's prayer to mature the award of the Industrial Accident Board and this appeal is from that trial. In answer to special issues the jury found (1) that appellant's petition was received in the VIM Room on or before June 3, 1976; (2) that it was placed in the district clerk's box in the VIM Room where it was available to the district clerk and his employees on or before June 3, 1976; (3) that appellant failed to file this lawsuit on or before June 3, 1976; (4) that $3,000.00 would be a reasonable attorney's fee for appellee's attorney; and (5) that appellant had justifiable cause for not paying the

appellee the award of the Industrial Accident Board. On motion the trial court disregarded the jury findings one and two and entered judgment for the appellee in the sum of $21,529.37, hence this appeal wherein appellee by cross-point complains of the trial court's refusal to allow a recovery for the attorney's fee and the 12% penalty.

The first and primary question before this Court is whether or not the receipt of the envelope containing the appellant's original petition and filing fee in the VIM Room of the Dallas County Records Building on June 3, 1976, constituted institution of a suit to set aside the award of the Industrial Accident Board.

An instrument such as appellant's petition is deemed filed at the time it is placed in the hands of the officer authorized by law to file the same and is left in his keeping, regardless of whether a file mark is placed on such instrument or not. *Sun Lumber Company v. Huttig Sash & Door Company*, 36 S.W.2d 561 (Tex.Civ.App. Dallas 1931, no writ). An instrument is "filed" when it is delivered to the proper officer and lodged by him in his office or received by him to be kept on file whether or not the same is marked "filed." *Kirby v. Travelers Insurance Company*, 370 S.W.2d 912 (Tex. Civ.App. Beaumont 1963, writ ref'd n. r. e.); *American Express Co. v. Monfort Food Distributing Co.*, 545 S.W.2d 49 (Tex.Civ.App. Houston-14th Dist.1976, no writ). In *Gonzalez, Et Al. v. Vaello, Et Al.*, 91 S.W.2d 904 (Tex.Civ.App. San Antonio 1936, writ dism'd), the court stated:

"... We conclude that when neither the clerk nor a deputy is to be found at the county seat and a petition, accompanied by a letter and a prepared citation, ready for the clerk's signature, are deposited in a box in the office of such clerk, which box is kept by such clerk for the reception of incoming mail, such petition may be properly regarded as having been filed with the clerk."

The Texas Supreme Court in *Glidden Company v. Aetna Casualty & Surety Co.*, 155 Tex. 591, 291 S.W.2d 315 (1956), seems to

have approved the *Gonzalez, Et Al. v. Vaello, Et Al.* language, saying:

". . . That decision may well be sound, because the petition was subject to the custody and control of the clerk as soon as it was placed in *his mail box.* . . ." (Emphasis added.)

Then the Supreme Court proceeded to say: "The use of diligence to file the bond within the prescribed period, and the reasons for failure to do so, would be material considerations if compliance with the rule could be waived or excused or if the time of filing might be extended. It is well settled, however, that the requirement that the bond be filed within thirty days is mandatory and jurisdictional, and that the time prescribed cannot be dispensed with or enlarged by the courts for any reason. *Bruce v. San Antonio Music Co.*, Tex.Civ.App., 165 S.W.2d 243 (writ ref.); *El Paso & N.E.R. Co. v. Whatley*, 99 Tex. 128, 87 S.W. 819. Since no discretion is lodged in any court to excuse delay, even of one day in filing the bond, the reasons for the delay, even though sufficient to justify the exercise of discretion in aid of the appeal, are not material. See *Labansat v. Cameron County*, Tex. Civ.App., 143 S.W.2d 94 (no writ); *Long v. Martin*, 112 Tex. 365, 247 S.W. 827. The case last cited holds that delay in filing the petition for writ of error is fatal to the jurisdiction of this Court although counsel used the utmost diligence to file the petition in time."

It is unquestioned that the jurisdiction to hear and determine an appeal from an award of the Industrial Accident Board depends upon the filing of suit in the district court within twenty (20) days after giving notice of appeal from the award of the Board and, of course, the burden is upon an appellant to file suit within the required time. Such requirement is both mandatory and jurisdictional. *Texas Employers' Insurance Ass'n v. Cook*, 55 S.W.2d 205 (Tex.Civ. App. Waco 1932, no writ); *American Motorists Insurance Company v. Box*, 531 S.W.2d 401 (Tex.Civ.App. Tyler 1975, writ ref'd n. r. e.). Therefore, the question before this

Court is simply whether or not under the facts of this case the appeal petition was filed with the clerk within the required time.

The appellant chose to deposit its petition in the United States mail rather than to utilize hand to hand delivery. The record is void of any evidence that appellant made inquiry relative to the filing of its petition prior to the expiration of the allowed twenty (20) days. As stated in *American Motorists Insurance Company v. Box*, supra:

"Appellant having selected the United States mail as its vehicle, it became appellant's agent, and therefore, appellant was bound by the postal authorities' failure to deliver the letter within the 20-day period allowed by the statute. *Long v. Martin*, 112 Tex. 365, 247 S.W. 827 (1923); *American General Insurance Co. v. Kohn*, 425 S.W.2d 688, 690 (Tex.Civ.App.—Austin 1968, no writ); *Texas Employers' Ins. Ass'n v. Cook*, 55 S.W.2d 205 (Tex.Civ. App.—Waco 1932, no writ). . . ."

In the recent case of *Ward v. Charter Oak Fire Ins. Co.*, 567 S.W.2d 934 (Tex.Civ. App. Dallas 1978, no writ), the employee selected the mails as the mode of delivery of her notice of appeal to the Industrial Accident Board and the court held that the postal authorities became her agent, and she was thus bound by their failure to timely deliver the notice, citing *American Motorists Insurance Company v. Box*, supra.

Appellant relies strongly upon the case of *Gonzalez, Et Al. v. Vaello, Et Al.*, supra. There the instrument to be filed was deposited in a box in the office of the clerk which was maintained by the clerk for the reception of incoming mail and was under the exclusive control of the clerk. Here the instrument remained under the control of the postal authorities until it was delivered into the possession of the deputy clerk on June 4, 1976. We do not believe *Gonzalez, Et Al. v. Vaello, Et Al.*, is decisive of this case.

Under the facts presented appellant is bound by the mandatory and jurisdictional filing requirements, and the jury's finding that it failed to file its petition on or before

June 3, 1976, is supported by the law and the evidence and appellant is bound thereby.

■ Appellee's cross-point complains of the district court's failure to enter judgment against appellant for its attorney's fees and twelve percent (12%) penalty. In response to a special issue the jury fixed the sum of $3,000.00 as a reasonable attorney's fee. The district court refused to enter judgment for an attorney's fee nor would the court enter judgment for the 12% penalty.

The basis for appellee's contentions is found in Section 5a of Article 8307 of the Worker's Compensation Act.

Appellee contends that the award became final on June 3, 1976, particularly in view of the district court's judgment to the effect appellant failed to perfect an appeal from the Board's award.

Of course, appellant *did* file suit to set aside the award of the Board and certainly has not *failed* or *refused* to bring suit to set the same aside as required by Section 5a of Article 8307. This section also provides for the delay of payments without penalty if "justifiable cause" exists. There is no contention that appellant has not prosecuted its cause in the trial court and here in good faith. Appellee's cross-point is overruled.

The judgment of the trial court is affirmed.

RAY, Justice, concurring.

I concur that appellant, The Standard Fire Insurance Company, failed to timely file its petition with the district clerk of Dallas County. However, I dissent relative to that portion of the opinion which states that appellee was not entitled to the statutory twelve percent (12%) penalty and reasonable attorney's fees. The facts in the instant case are analogous to those in *Texas Employers' Ins. Ass'n v. Nunamaker*, 278 S.W. 889 (Tex.Civ.App. Dallas 1925, no writ). There, the insurer filed its suit in the Dallas County Court at Law to set aside the final ruling and decision of the Industrial Accident Board. The Dallas County

Court at Law sustained a plea to its jurisdiction urged by Nunamaker and dismissed the suit. The insurer appealed and the trial court's ruling was affirmed by the court of civil appeals. The Supreme Court subsequently denied an application for writ of error. Pending the appeal of the jurisdictional question, Nunamaker instituted suit for the amount of the award plus interest and penalties for the failure of the insurer to comply with the final order of the Board. The trial court granted Nunamaker a judgment for the compensation awarded him by the final order of the Industrial Accident Board, together with a twelve percent (12%) penalty and reasonable attorney's fees. The Court of Civil Appeals at Dallas affirmed.

In the instant case, the insurer filed his petition to set aside the award of the Industrial Accident Board one day too late. Thus, the district court never acquired jurisdiction of the insurer's cause of action. In *Nunamaker,* supra, the County Court at Law did not have the power or authority to rule on appeals from the Industrial Accident Board, and thus, never acquired jurisdiction of the cause of action. In the present case, while the district court has the power and authority to hear and decide appeals from awards of the Industrial Accident Board, it nevertheless never acquired jurisdiction of the appeal because it was filed too late. Thus, the District Court of Dallas County was without power or authority to decide the appeal and could only decide that it did not have jurisdiction to hear the appeal. In both *Nunamaker* and the present case, the insurer failed to comply with the final order of the Industrial Accident Board. In both cases the workers filed suit to recover the award, plus interest, penalties and attorney's fees. In *Nunamaker,* the court stated:

"Appellant contends that the judgment for 12 per cent. damages and attorney's fee is erroneous. The proposition urged is that this suit could not lie upon the order of the Industrial Accident Board for the recovery of the award with penalties and attorney's fee, unless the appel-

lant had failed and refused to obey and comply with this order, or failed to bring suit to set same aside. Appellant insists that it complied with the statute, in that it filed a suit in the county court at law of Dallas county to set aside the final ruling and decision of the board, and, although this court was without jurisdiction, that the final adjudication of that fact was not reached until the Supreme Court overruled its motion for rehearing on March 18, 1925, after which time appellant claims that it tendered to appellees the amount of the award.

"In this connection appellant makes the further contention that this suit, instituted on January 10, 1925, was prematurely brought and should have been abated on the motion urged by it for that purpose, for the reason that it was brought pending the appeal of the suit instituted to set aside the award of the board, and that, until the Supreme Court finally acted on its motion for rehearing, the decision of the board was in suspense and was deprived of that finality of character necessary to support this action."

The Dallas Court of Civil Appeals did not adopt the view of the insurer and held that it was the duty of the insurer to either pay to the workman the amount of compensation awarded by the final decision of the Board, or bring suit in a court of competent jurisdiction to set the same aside and that since the insurer did neither, it was not entitled to be shielded from the imposition of penalties for its failure to obey the final decision of the Industrial Accident Board. In the instant case, I am of the opinion that Appellee LaCoke was entitled to receive the twelve percent (12%) penalty and attorney's fees as provided by Article 8307, Sec. 5a, Tex.Rev.Civ.Stat.Ann., when the insurer failed to comply with the award of the Board and failed to timely bring suit to set aside the award of the Board.

CORNELIUS, Chief Justice, dissenting.

I respectfully dissent. In my judgment, when appellant's petition was received on June 3 in the VIM Room at the Dallas County Records Building, and solely because of the specific instructions of the deputy district clerk was not delivered to the clerk's office at the regular 11:00 o'clock a. m. delivery, but instead was placed in the clerk's receptacle to be held for pick-up by the clerk at a later time, it was filed within the contemplation of the law.

A paper is considered filed when it is delivered to or placed in the custody and control of the official with whom it is to be filed. *Glidden Company v. Aetna Casualty & Surety Company*, 155 Tex. 591, 291 S.W.2d 315 (1956); *Gonzalez, Et Al. v. Vaella, Et Al.*, 91 S.W.2d 904 (Tex.Civ.App. San Antonio 1936, writ dism'd). If the paper is subject to the officer's custody and control and is available to him, his delay in taking actual physical possession of it or in affixing his file mark to it will not affect the timeliness of the filing. *Hanover Fire Ins. Co. v. Shrader*, 89 Tex. 35, 33 S.W. 112 (1895); *Blackburn, Et Al. v. State Ex Rel. Echols, Et Al.*, 72 S.W.2d 627 (Tex.Civ.App. Eastland 1934, no writ); 49 Tex.Jur.2d, Records and Registration Acts, Secs. 13 and 14, pp. 336, 337.

The principles applied in *Travelers Ins. Co. v. Johnson*, 131 S.W.2d 242 (Tex.Civ. App. Beaumont 1939, writ dism'd judgmt. cor.), and *Tate v. Standard Accident Ins. Co.*, 32 S.W.2d 932 (Tex.Civ.App. Beaumont 1930, writ ref'd), should govern this case. In *Johnson*, a notice of appeal from an Industrial Accident Board award was required to be filed with the board by August 8th, a Sunday. The notice was mailed on Friday, August 6th, and was received in the Austin post office on Saturday, August 7th. Normal delivery would have been on Monday, August 9th. The board did not maintain a post office box at the post office, but when its mail was received at the post office it was sorted and placed in a box or receptacle along with other state mail going to the same building awaiting delivery. The Industrial Accident Board's office was closed on Saturday and Sunday and there was no one present at its offices on those days to receive the mail. The mail was

available for pick-up at the post office on those days, however, and the court held that although the petition was not delivered until Monday, August 9th, it was considered legally filed with the Industrial Accident Board at the time it was placed in the receptacle at the post office and thereby made available to the board. In *Tate*, the notice of appeal from the Industrial Accident Board award was delivered to a postal substation in the Capitol Building where the Industrial Accident Board rented a box. Upon receipt of the letter, the postal superintendent placed a notice in the Industrial Accident Board's box indicating that he held the letter in question for delivery. The Board's offices were closed for several days when the letter was received at the post office and the board's employees did not pick up the mail until sometime after the last day for filing had passed. The court held, however, that when the notice (not the letter itself) was placed in the Industrial Accident Board's box and the letter was held by the post office for pick-up by the Board's employees, it was filed with the Board as of that time.

The facts in the case at bar are stronger than those in either *Johnson* or *Tate*. Here the jury found, on sufficient evidence, that the petition was received in the VIM Room at the Dallas County Records Building on June 3 and on that date was placed in the district clerk's mail slot where it was then available for pick-up. The undisputed evidence showed that, but for the deputy clerk's instructions to hold the mail for later pick-up, the mail on hand at that time would have been delivered to the clerk at his office at the 11:00 o'clock a. m. delivery. By instructing the postal officer not to deliver the mail, but rather to hold it for him to pick up later, the clerk constituted the postal service his agent and the petition was effectively placed in his custody and control. The petition should be considered as having been filed as of that time. To hold otherwise would allow public officials to thwart the right of citizens to use the mail to timely file papers with them by simply instructing the postal service to hold their mail for pick-up and then failing to call for it until the applicable time limits had passed. As said by the court in *Tate*, supra:

> "The courts having repeatedly held that notice by registered mail was a compliance with the law, appellant had the right to use and rely upon that method . . . ."

And again,

> "It was no fault of appellant . . . that the board did not call for and get its mail."

For the reasons stated, I would rule that the petition was timely filed. However, as the case is being affirmed, I concur with Justice Hutchinson that attorney's fees and interest were properly denied.